Smith v. Case.

---

GREEN B. SMITH, Appellant, v. LABAN CASE, Respondent.

*Appeal from Benton County.*

1. Contract made on Sunday is void.
2. Effect of subsequent ratification, or subsequent contract.

SMITH loaned to defendant, Case, $300, for which Case executed and delivered his promissory note on Sunday; and on a week day he afterwards made a promise to pay plaintiff the money so received at the making of the note. The defendant demurred to the complaint, because it appeared that the note was executed on Sunday. The Circuit Court sustained the demurrer, and plaintiff appealed.

Smith *v.* Case.

*Thornton & Kelsay,* for appellants:

1st. Subsequent promise need not be in writing; no statute requiring it. (*Chit. on Cont.,* 66; 9 *Pick.,* 341.)

2d. The subsequent promise rendered the respondent liable on demand. (*Chit. on Cont.,* 445, *note z; Id.,* 447, *note h,* 448, 789, *note h; Story on Cont., paragraph* 619; 8 *Gray,* 553; 10 *Cush.,* 258; 2 *Parsons on Cont.,* 262. " *G* " " *H.*")

*Thayer & Burnett* and *Strahan,* for respondent:

4th. A note executed on Sunday, being prohibited by statute, is void: 6 *Watts,* 231; 13 *Met.,* 284; 16 *Pick.,* 247; 13 *Shipley,* 464; 12 *Met.,* 24; 7 *Blackf.,* 479; 24 *N. Y.,* 353; 10 *Met.,* 363; and either party may show that fact: 5 *Mass.,* 296.

5th. The new promise can give no original cause of action, if the obligation upon which it was founded could not have been enforced at law. (2 *Sandf.,* 311; *Edwards on Bills,* 339; 1 *Parsons Con.,* 361; 14 *Wend.,* 97.)

6th. There was no consideration for the new promise, and none alleged. (12 *Johns.,* 190; 4 *Johns.,* 235.) A moral obligation is not a sufficient consideration. (*Chit. Cont.,* 46–7; 2 *Johns.,* 277.)

7th. When the parties are in *pari delicto* the courts will not interfere to assist either. (12 *Met.,* 25; 17 *Mass.,* 257.)

PRIM, J. Section 653 of the Code provides "that if any person shall do any secular business or labor, other than works of necessity or mercy, on the first day of the week, commonly called Sunday or the Lord's day, such person, upon conviction thereof, shall be punished by fine, etc." The note set out in the complaint being executed and delivered on Sunday, in violation of this statutory provision, is illegal and void, and therefore cannot be enforced in the courts. The contract being void, the defendant could acquire no right of property in the money obtained under it; and the express promise, subsequently made, as alleged, by him, we think is sufficient

to render him liable in assumpsit for the money had and received of plaintiff and for his use and benefit. It is urged that there was no consideration to support this promise, but we think the retention of this money belonging to plaintiff, is a sufficient consideration to support it. (*Adams* v. *Gray*, 19 *Ver.*, 358; *Williams* v. *Paul*, 6 *Bing.*, 653; *Dodson* v. *Harris*, 10 *Ala.*, 566.)

The court below having sustained the demurrer, the judgment is reversed, and case remanded with leave to defendant to answer.