## THE O. & C. R. R. CO., Appellant, *v.* WM. POTTER, Respondent.

VALID CONTRACT—CONSIDERATION.—In order to render an agreement to forbear, and the forbearance of a claim a sufficient consideration for a new promise, it is essential that the demand forborne should be sustainable at law or in equity, and the consideration will fail if the demand is without foundation.

APPEAL from Lane County.

This is an action by appellant against respondent on a promissory note for three hundred dollars, with interest, executed, as alleged, by respondent on the 15th day of May, 1872. The respondent, in his answer, denies the execution of the note for value or any indebtedness; then, and for a further defense, alleges, that about April 18, 1871, he executed with others a writing, in favor of the appellant, through its agent, Ben Holladay, in the form of a subscription, whereby he promised to pay three hundred dollars, in coin, to appellant, in consideration that the said appellant, the O. & C. R. R. Co., would thereafter cause the line of their railroad, then in course of construction, to be located across the Willamette River within three miles of the town of Harrisburg, and constructed on the west side of said river to some point within the corporate limits of Eugene City, and a depot to be established within the corporate limits of such city; that the note upon which the action is brought was given to appellant in satisfaction of said subscription, and for no other purpose, and without any other consideration than the pretended claim of appellant on said subscription.

To this answer appellant filed a general demurrer, which was overruled; whereupon appellant filed a reply admitting substantially the new matter contained in the answer, but alleging further that the respondent, in order to induce appellant to forbear and to obtain further time for the payment of said subscription, agreed with said company and promised to pay the said sum of three hundred dollars, in coin, on July 1, 1872, and executed the note described in the complaint therefor, and that said note was executed in consideration of such forbearance and extension of time.

Respondent demurred to this reply, and the demurrer was sustained. From the judgment rendered upon the order sustaining the demurrer this appeal is taken.

The errors relied upon in the appeal are stated in the opinion of the Court.

*Dolph, Bronaugh, Dolph & Simon*, for Appellant.

*Thompson & Fitch*, for Respondent.

By the Court, SHATTUCK, J.:

The appellant, as one ground of objection to the judg-
ment below, insists that there appears to be an issue of fact
made by certain allegations of the answer and denials
thereof in the replication, which is not disposed of by the
demurrer. This would be a valid objection if the pleading
itself, taken as a whole, did not dispose of this issue.
The answer avers that the note in question was given to
plaintiff in satisfaction of the subscription described in the
answer, and for no purpose and without any other con-
sideration than the pretended claim of the plaintiff against
defendant on said subscription.

The replication denies that said note was given to plaintiff
without any other consideration than the claim of the
plaintiff against defendant on said subscription.

If this were all that appeared we should be of opinion
that an issue of fact is made that could not be disposed of
by the general demurrer to the replication; but it appears
that the replication contains a full recital of the facts and
circumstances of the subscription referred to, and of the
giving of the note in question, and contains this allegation:
"That in order to induce said Holladay to forbear bring-
ing said action, and to obtain further time for the payment
of said subscription, the defendant agreed with said Hol-
laday and promised to pay said sum of three hundred dol-
lars, coin, on the 1st day of July, 1872, to the plaintiff, and
thereupon executed to plaintiff the note described in the
complaint, and the same was executed to the plaintiff upon
the strength and in consideration of such forbearance to
bring said action and said extension of time in which to
pay said sum." By this averment the plaintiff has fully
disclosed the consideration, and rendered any evidence
upon the issue above mentioned unnecessary and super-
fluous. The demurrer then went to the whole pleading and
was properly considered in that view.

The appellant insists that the original subscription, de-
scribed in the pleadings, was valid, and argues this view at
length. That question was disposed of by this Court at

the last term, in *Holladay* v. *Patterson* (ante, p. 177), and is no longer here an open question, and if this case does not stand upon some other foundation than that subscription, the judgment below should not be disturbed.

Counsel for the appellant, however, ask a reversal upon two aspects of the case—that the facts detailed in the pleadings show the consideration to have been a compromise of a doubtful claim, and that forbearance to sue the original claim was sufficient consideration to support the new promise.

If the facts pleaded presented a case of compromise, within the rule of the authorities cited, a reversal ought to be had, notwithstanding this Court have, since the execution of the note, declared (*Holladay* v. *Patterson*) that the contract of subscription was invalid; for when this note was made, the questions raised and decided in *Holladay* v. *Patterson* had not been settled. The decisions on the subject by the courts of other States were far from uniform, professional opinion in our own State was divided, and as it appears in that very case the decision of our Court was not without dissent. If, then, in this state of the law, the parties had disagreed as to the facts and the law relating to the subscription, and there had been between them an actual controversy and difficulty, and they had settled it by a mutual agreement to waive questions of law and fact relating to the subscription, and upon mutual concession had entered into the new contract, I should think it ought to be sustained and a recovery had upon the note, upon the authority of the cases cited (13 Ill. 143; 3 Hill, 504), which hold that "the compromise of a doubtful claim is a sufficient consideration for a promise, and it is immaterial on whose side the right ultimately turned out to be, as it must always be on one side or the other," and that such a compromise may involve as well questions of law as of fact. But these pleadings do not present such a case. It is simply alleged that the subscription was overdue, and that payment was demanded and suit threatened, and thereupon it was agreed to extend the time of payment, and the note was given for the amount—a mere forbearance, nothing more.

In order to render the agreement to forbear and the forbearance of a claim a sufficient consideration for a new promise, it is essential that the demand forborne should be sustainable at law or in equity, and the consideration will fail if the demand is without foundation. (Chitty on Contracts, pp. 35 and 36, and notes; 3 Pick. 83.)

The facts pleaded and the decision of this Court in *Holladay* v. *Patterson,* bring this case within this rule of Chitty, and appellant's argument on this point fails.

Appellant insists further that this case is upon the same footing as *Smith* v. *Case,* decided by this Court (2 Or. 190), or at least is like cases cited in the books where void or voidable contracts have been ratified. But there is a distinction which must be kept clearly in view. In this case, the invalidity attaches to the very nature and subject-matter of the original transaction, and is not removed by change of time or person, while in *Smith* v. *Case* the invalidity of the original contract grew out of the time when it was made (on Sunday). The defendant had received so much money of plaintiff on Sunday, and on the same day had given his note for it, a transaction forbidden on that day, but valid on any other day. Afterwards, on a work day, the defendant acknowledged the receipt of the money and the giving of the note, and promised to pay the money. Most of the other cases cited by counsel are those where a party under some disability, such as coverture, infancy or duress, has entered into a contract which could not be enforced at law, but has sanctioned and ratified the contract after the disability had ceased. In these cases, the subject-matter of the transactions and the consideration of the agreements were lawful, and the disability was only personal and temporary, and did not exist when the new promise was made. In the case before us, the new promise was only a continuance and in furtherance of the original transaction, and must stand or fall with it.

The judgment must be affirmed.