BENJAMIN SIGSWORTH, Appellant, v. JOHN COULTER, Appellee.

APPEAL FROM PIKE.

A party is not permitted to impeach the consideration of a note, given by him to settle an attachment suit brought against another, by showing that the person who brought the suit had not any cause of action.

The pendency of a suit, upon a claim or demand made in good faith, forms a good consideration for a compromise, and will support a note given therefor.

THIS was a suit brought by appellee against appellant, before a justice of the peace of Pike county, to recover the amount of a promissory note.

Judgment on trial in justice's court for appellant. Taken by appeal to circuit court.

At September term of Pike Circuit Court, in 1855, a trial was had in said court, and jury returned a verdict for plaintiff, the present appellee.

Appellant entered a motion for a new trial, which was overruled, and judgment rendered on the verdict.

An appeal was prayed and perfected.

Bill of exceptions shows that appellee offered and read in evidence a note of appellant, dated 1st May, 1854, due in fifteen days, payable to appellee for $45, and rested his case.

Appellant, in order to show that the note read in evidence, was given without good or valuable consideration, introduced several witnesses, to show that Coulter had sued John Sigsworth, a brother of appellant, for the value of a cow belonging to Coulter, which he said had been lost by fault of John Sigsworth. To settle which controversy the note sued on was given. It appeared from the testimony that the cow was found dead, near the field belonging to Coulter, the appellee.

W. A. & J. GRIMSHAW, for Appellant.

M. HAY and C. L. HIGBEE, for Appellee.

SCATES, C. J. A great deal of testimony in this case would be wholly irrelevant in any light, except as it tended to show the true consideration of the note sued on. This plaintiff cannot be permitted to impeach the consideration of a note which he gave defendant to settle an attachment suit of defendant's against plaintiff's brother, by showing that defendant had no cause of action against his brother for that proceeding.

Such a latitude of defense would violate all rules of logic as well as law. Proceeding upon the assumption that defendant had no cause of action in that case, plaintiff should have permitted the cause to proceed to trial, and not, by giving his

note to pay so much, as a compromise of that demand, have arrested and put an end to that cause, and so prevented defendant from the assertion of his claim, in the time and manner he thought most beneficial. It is not now in plaintiff's power to restore defendant to the rights and circumstances yielded by him as a consideration for this note. He did not insist upon the existence of a cause of action in that suit, as the condition upon which he would pay the note. He was content to take two weeks for the return of the cow as the only condition to discharge the obligation. Thus it would seem plain enough that he admitted the liability of his brother John, for the restoration of the cow. The liability of the defendant in that attachment, or the advantage that its settlement and dismissal would be to him, is a good and sufficient consideration for a compromise, and will support an obligation or promise made therefor.

The testimony very clearly shows the compromise of that suit to be the consideration of this note. The law will support and enforce a promise based upon such consideration, and the promisor will not be permitted to pass over and name the consideration, and avoid the obligation thus given, by showing the want of any cause of action to sustain the suit. The pendency of a suit upon a claim or demand made in good faith, forms of itself a foundation, and good consideration for a compromise.

We are, therefore, unable to detect any error in giving or refusing the several instructions complained of. *McKinley* v. *Watkins*, 13 Ill. R. 140, and authorities referred to, fully sustain the principles here laid down.

No foundation was laid for the contradiction of the witness, by previous questions to him, affording him an opportunity of explanation. *Regnier* v. *Cabot*, 2 Gil. R. 34; *Gotloff* v. *Henry et al.*, 14 Ill. R. 384. If injustice is done, and we cannot shut our eyes to the apparently high price thus secured for the cow, it has been occasioned, doubtless, by the plaintiff stepping forward and interposing to prevent the adjustment and settlement of the rights of the original parties, in the suit commenced in good faith, for anything appearing. Whatever may be the abstract equity, it is now too late, to insist upon opening the compromise, and going into the investigation of the original controversy. It is open alone to impeachment for fraud or mistake, and, as none is shown, the parties must abide the terms agreed between them.

*Judgment affirmed.*