MARY MILLER *et al.*

*v.*

HENRY HAWKER.

66   185
23a  299
66   185
27a  129
27a  555
66   185
136  202
66   185
79a   81
66   185
83a  306

1. CONSIDERATION—*settlement of right of action growing out of a tort.* Where the holder of a note secured by a deed of trust surrendered the same to effect a settlement of an alleged assault upon the person of the wife of the grantor in the deed of trust by the party holding the same, and received from the wife and her husband a release of all private right of action for the assault, there being no proof to show that the cause of action so settled was unfounded: *Held,* that the compromise and settlement of the cause of action was a sufficient consideration for the surrender of the deed of trust and note.

2. If the compromise had been effected to compound a criminal offense, the law would give no aid to either party, but the parties had the right to settle the private right of action, notwithstanding the act complained of was also criminal.

3. The waiver of any legal right, although it may be founded upon a tort, at the request of another, has always been deemed a sufficient consideration for a promise.

4. Even a compromise of a doubtful right, fairly obtained, is a good consideration on which to found a contract, and it does not matter what the ultimate result might have been. A threat to sue by one who honestly believes he has a good cause of action, will support an agreement fairly made for the avoidance of the suit.

Writ of Error to the Circuit Court of Kankakee county; the Hon. Charles H. Wood, Judge, presiding.

Mr. Stephen R. Moore, for the plaintiffs in error.

Mr. W. H. Richardson, for the defendant in error.

Mr. Justice Thornton delivered the opinion of the Court:

The trust deed, to foreclose which this bill was filed, and the note thereby secured, were surrendered by the complainant to effect a settlement for an alleged assault upon the person of Mary Miller, by complainant, and Miller and wife executed and delivered to complainant a release of all right of action, and received the trust deed and note, and $22 besides.

Was there a sufficient consideration for the surrender of the trust deed and note? There is no proof to show the cause of action unfounded. The release, in fact, admits the assault with intent to commit a rape, and thereby admits an assault upon the person of Mrs. Miller, and there is no evidence whatever to disprove the admission.

If the compromise was effected to compound a criminal offense, the law would give no aid to either party. But Miller and wife had a cause of action for the private injury, which they released. They had a legal right, which they waived. This waiver was a benefit to the complainant, and he was discharged from all liability for any damages which might have been recovered.

Damages due for torts, as well as money due on notes or other contracts, are included under the general title of things in action. 2 Kent's Com. 351.

The waiver of any legal right, at the request of another, has always been deemed a sufficient consideration for a promise. 1 Par. Con. 444; Chit. Con. 33–35.

Even a compromise of a doubtful right, fairly obtained, is a good consideration on which to found a contract, and it does not matter what the ultimate result might have been. A threat to sue by one who honestly believes he has a good cause of action, will support an agreement fairly made for the avoidance of the suit. *McKinley* v. *Watkins,* 13 Ill. 140; *Taylor* v. *Patrick,* 1 Bibb, 168.

The conclusion can not be avoided that Miller and wife had a good cause of action, and not a mere doubtful right, against the complainant, from which they discharged him.

The fact that it was a tort which was waived, can, upon principle, make no difference. Torts are often of great benefit to one party, and serious injury to the other. Sometimes money is no remuneration. The waiver, therefore, of a tort, although there was no real injury, which was a benefit to the wrongdoer, is a sufficient consideration for a promise. Chit. Con. 33; 1 Par. Con. 444.

In the case of *O'Keeson* v. *Barclay,* 2 Pennsyl. 531, a note given upon the settlement of a slander suit for words not actionable was sustained. See also *Russell* v. *Cook,* 3 Hill, 504, and *Longridge* v. *Dorville,* 5 Barn. & Ald. 117.

The benefit to the wrongdoer in this case may have been the gratification either of passion or of revenge, and we think he should be compelled to abide by his compromise.

The decree of the court below is reversed and the bill dismissed.

*Decree reversed.*