## GEORGE W. DAFFIN

### v.

## HARRIET E. ROBERTS.

COMPROMISE.—The compromise of a doubtful right, fairly obtained, is a good consideration on which to found a contract, and it does not matter what the ultimate result might have been. So, where appellee claimed the property in question as her own, but on the day of sale agreed that if certain articles were surrendered to her she would take them in full settlement of her claim to the property, and it was done; she is bound by such agreement, without regard to the fact whether the property surrendered belonged to her or not.

APPEAL from the Circuit Court of Ford county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed October 19, 1881.

Messrs. TIPTON & RYAN and Mr. S. T. FOSDICK, for appellant; that *prima facie* the property belonged to the husband, cited Farrell v. Patterson, 43 Ill. 52.

By filing a schedule in which the property was claimed to belong to her husband, and exempt, appellee is estopped from setting up a claim to it as her own : Anderson v. Armstead, 69 Ill. 452.

The compromise of a doubtful right is a good consideration for a contract : Miller v. Hawker, 66 Ill. 185; I. M. Ins. Co. v. Cheney, 50 Ill. 117; McKinley v. Watkins, 13 Ill. 140 ; Taylor v. Patrick, 1 Bibb, 168.

The fact that the property was taken against the remonstrance of appellee is no evidence of malice : Beveridge v. Rawson, 51 Ill. 504.

The evidence did not warrant the finding of vindictive damages : Freese v. Tripp, 70 Ill. 496.

Mr. A. SAMPLE and Mr. H. P. BEACH, for appellee.

DAVIS, J. This was an action of trespass to personal property, brought by appellee, who is the wife of Daniel Roberts, against appellant, who, as an officer, took the property under several attachments against the husband. When the property was levied upon, appellee at first claimed it as being the property of her husband, and as being exempt under the statute. She now claims it in her own right, as having been purchased by her with money obtained from her father's estate, and seeks to recover the value of it from the constable. It seems that on the day advertised for the sale of the property levied on, an agreement was made between the officer, the attaching creditors and appellee, that if they would release to her and permit her to take certain articles of the property attached, she would take them in full settlement of any claim she might have on the goods levied on, and would never make them any further trouble.

Haynie v. C. & A. R. R. Co.

In pursuance of this agreement appellee selected the articles she desired, and they were sent home, and delivered to her, and the balance were sold. She afterwards commenced this suit. It has always been held that the compromise of a doubtful right fairly obtained is a good consideration on which to found a contract, and it does not matter what the ultimate result might have been. McKinley v. Watkins, 13 Ill. 140 ; Miller et al. v. Hawker, 66 Ill. 185.

Under the evidence and the authorities above cited, the fifth instruction given by the court for appellee, as follows, " that if you believe from the evidence, the stove, trunk and old traps returned to plaintiff was the property of the plaintiff at the time of such taking by the defendant, and at the time of such return, then their return a'one to her could not be the basis for any consideration of the settlement claimed, and in that case the jury will not take into consideration such settlement if they find no other consideration," was clearly wrong. It was wholly immaterial whether the property given to appellee under the compromise was her property or not. The question for the jury to determine was whether there was an honest dispute and claim as to the ownership of the property, and whether the compromise was fairly obtained. If decided affirmatively, the settlement was founded upon a good consideration, and the parties were bound by their agreement. Judgment was given below for the plaintiff, and the court having erred in giving the instruction, the judgment must be reversed and the cause remanded.

Judgment reversed.