WILLIAM B. PARKER

*v.*

JOHN B. ENSLOW.

*Filed at Springfield March 28, 1882.*

1. CONSIDERATION—*for compromise of a supposed cause of action.* In a suit upon a promissory note given in compromise of a threatened suit for a personal injury, in which the consideration was assailed, the court, on behalf of the plaintiff, instructed the jury, that if they believed from the evidence that the plaintiff on, etc., in good faith supposed he had a cause of action against the defendant, on account of personal injuries which he believed resulted from the conduct of the defendant, and thereupon threatened to sue the defendant on account thereof, and thereupon the difference between them was compromised, and the defendant executed the note sued on in consideration that the plaintiff would not sue him for such injuries, and the plaintiff accepted the note in settlement of such claim, such compromise and settlement constitute a good and lawful consideration for such note: *Held,* that there was no error in such instruction; that the words "cause of action" were equivalent to "good cause of action;" that there was no error in using the word "supposed" instead of "believed," and that it was not open to the objection that it assumed that personal injuries were received by the plaintiff, and that he believed they resulted from the conduct of the defendant.

2. NEGLIGENCE OR ILLEGAL ACT—*liability for putting powder in to-bacco.* The putting of powder in smoking tobacco left in a box on the counter

of a store, apparently for use, whether a mere thoughtless act for purpose of amusement, or a malicious act with an intention of doing harm, is extremely dangerous in its tendency, and can not be excused, and a person injured thereby has such a claim for damages as to afford reasonable ground for a valid compromise, and promise to pay by the wrongdoer. Even if the party had been taking the tobacco as a trespasser, the other party's act was not justifiable as a measure of prevention.

3. PROMISSORY NOTE—*its validity when given in compromise.* A promissory note given in settlement of a threatened suit for a personal injury, in a case where the payee supposed or believed that he had a cause of action, which note is in good faith given and accepted as a compromise of that supposed cause of action, is supported by a sufficient consideration, and its pay- ·ment may be enforced.

4. EVIDENCE—*relevancy.* In an action on the case to recover for injury to the plaintiff's eyes, caused by putting powder into a box of tobacco from which the plaintiff filled his pipe, the defendant offered to prove that for several years prior to the alleged accident the plaintiff had been an habitual drunkard, which the court refused to permit: *Held,* no error, there being no offer to show that plaintiff's eyes were affected from intemperance, instead of from the explosion of the powder.

5. PRACTICE—*compelling party to submit to physical examination.* In a suit to recover damages for an injury to the plaintiff's eyes, there is no error in the refusal of the court to compel the plaintiff to submit his eyes to the examination of a physician in the presence of the jury. The court has no power to make or enforce such an order.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Greene county; the Hon. ALBERT G. BURR, Judge, presiding.

Mr. JAMES R. WARD, for the appellant:

To support an agreement for the avoidance of a suit on a compromise, the promisee must have had an honest belief that he had a *good* cause of action. It is not sufficient to believe he had a cause of action. *Mulholland* v. *Bartlett,* 74 Ill. 62; *Miller et al.* v. *Hawker,* 66 id. 187; *McKinley* v. *Watkins,* 13 id. 144; *Wade* v. *Simeon,* 2 C. B. 548; *Edwards* v. *Baugh,* 11 Mees. & Wels. 641.

The instruction on that subject was erroneous. *Evans* v. *George,* 80 Ill. 51; *Cushman* v́. *Cogswell,* 86 id. 62; *Chesney*

v. *Meadows,* 90 id. 430; *Moore* v. *Wright,* 90 id. 470; *Peoria Life Ins. Co.* v. *Dill,* 91 id. 174.

Under the circumstances of this case appellant was not liable. The law regards the negligence of the visitor or customer, and his intrusion upon the private business of another, the cause of the injury, and provides no remedy. *Murray* v. *McLean,* 57 Ill. 378; *Zoebish* v. *Tarbell,* 10 Allen, 385; *McKee* v. *Bidwell,* 74 Pa. St. 218; *Victory* v. *Baker,* 67 N. Y. 366; *Pierce* v. *Whitcomb,* 48 Vt. 127; *Southcote* v. *Stanley,* 1 Hurl. & N. 247.

That the court should have required the plaintiff to submit to an examination of his eyes by competent persons, see 1 Greenleaf on Evidence, secs. 37, 82; *Wade* v. *Sayre,* 52 How. 334; *Mehado* v. *Brooklyn City R. R. Co.* 30 N. Y. 370; Coxe's Criminal Cases, 297; Coke's Lit. 8; Cro. Eliz. 227; 9 Co. Rep. 30; 2 Rolle's Abr. 573, 578; 2 Peere. Wms. 591; *State* v. *Garrett et al.* 71 N. C. 87.

Mr. W. M. JACKSON, and Messrs. ORENDORFF & CREIGHTON, for the appellee:

A settlement of a claim or demand, made without fraud or oppression, is binding and conclusive on the parties. *Heaps* v. *Dunham,* 95 Ill. 588; 3 Addison on Contracts, sec. 1279.

There was no error in refusing to allow Dr. Crow to examine the eyes of the plaintiff, if for no other reason than that Dr. Crow testified he was not an expert in such matters.

Fault is found with the second instruction, because the word "good" was not in it. It was the law as given, and was not calculated to mislead; besides, the word "good" was in defendant's first and second instructions.

Fault is also found with the word "supposed," in the same instruction. This word is used by this court in the same sense in *McKinley* v. *Watkins,* 13 Ill. 144. This word is synonymous with the word "believed."

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case comes before us for review by appeal from a judgment of the Appellate Court for the Third District, affirming a judgment of the circuit court of Greene county. The action was *assumpsit*, upon a promissory note for $1000, executed by appellant to appellee, and the defence interposed was, that the note was executed without any consideration.

The evidence on behalf of appellee tended to establish that appellee, for a number of years, had been engaged in the retail grocery trade, including therein the sale of tobacco, in a building owned by him at Kane, in Greene county; that he sold out and transferred his stock and business, and rented his store-room to appellant, who thereupon succeeded him in such trade; that, for about twelve years before and up to the time of such sale and transfer, it had been the custom to keep a box of smoking tobacco on the counter for the use of the public, and this custom was known to appellant, and continued by him after such sale and transfer; that it was the habit of appellee to pass into appellant's store-room and fill his pipe from this box, when convenient, and that pursuant thereto, at the time of the occurrence here involved, he passed into the store-room and filled his pipe with tobacco from the box, but, without his knowledge, powder had been mixed with the tobacco, and so, when he applied a match to light his pipe, an explosion was caused, which seriously and permanently injured appellee's eyes. When, subsequently, appellee reproached appellant for having put the powder by which the explosion was caused, in the tobacco, appellant admitted that he had done so, but sought to mitigate his conduct by saying that he had only done it for a joke. Appellee threatened, and was intending, to sue appellant for damages in consequence of the injury thus caused to his eyes, and as a compromise and settlement of that cause of action this promissory note was executed.

It is not important that there may have been other evidence in some respects contradictory of this, for since we are not allowed to investigate controverted questions of fact in this class of cases, we must assume that the evidence established all that there was evidence tending to establish.

The second instruction given at the instance of appellee is as follows:

"The court also instructs the jury, for the plaintiff, that if they believe, from the evidence, that the plaintiff, in the month of November, 1878, in good faith supposed he had a cause of action against the defendant, on account of personal injuries which he believed resulted from the conduct of the defendant, and thereupon threatened to sue the defendant on account thereof, and thereupon the difference between them was compromised, and the defendant executed the note sued on in consideration that the plaintiff would not sue him for such injuries, and the plaintiff accepted the note in settlement of such claim, such compromise and settlement is a good and lawful consideration for such note."

Three objections are urged against this instruction, and they will be noticed in the order of their presentation by counsel for appellant:

*First*—It is contended it is not sufficient that plaintiff supposed "he had a *cause* of action." He must have supposed "he had a *good cause* of action,"—or, in other words, the omission of the word "good," before the word "cause," is fatal. This in untenable. "By this phrase [cause of action] is understood the right to bring an action, which implies that there is some person in existence who can assert, and also a person who can lawfully be sued. * * * There is no cause of action till the claimant can legally sue." * * * Bouvier's Dictionary, title, "Cause of Action." If, therefore, a person have a legal right to sue, he must necessarily have a "good" (using that word, as it obviously is always

used in this connection, in the sense of "legally sufficient,") "cause of action." If he have no legal right to sue, he has not merely a bad cause of action, but no cause of action. So, "good cause of action" can mean no more than "cause of action," and the word "good," in that connection, is hence clearly superfluous.

*Second*—But it is also objected that the use of the word "supposed," in this connection, is fatal—that the word should have been "believed." We think, used in the connection in which "supposed" is here used, they mean substantially the same thing, or, at all events, so nearly so that a jury could not be misled by the use of "supposed" instead of "believed." The second definition of "supposed," as given by Webster in his Unabridged Dictionary, is, "imagine, to believe, to receive as true." And the same authority gives as the second definition of "believe," "to think, to suppose." And, in substance, Richardson's definitions are the same. Moreover, in *Stapleton* v. *Stapleton*, 1 Atkyns, 12, Lord HARDWICKE says: "In the case of *Cann* v. *Cann*, it was laid down by Lord MACCLESFIELD, that an agreement entered into upon a supposition of a right, or of a doubtful right, though it often comes out that the right was on the other side, shall be binding," etc. And in *McKinley* v. *Watkins*, 13 Ill. 143, the court, in speaking of this class of actions, said: "It is immaterial whether the plaintiff could have recovered in such action or not. If he honestly supposed that he had a good cause of action, the compromise of such right was a sufficient consideration to uphold a contract fairly entered into between the parties, irrespective of the question as to who was in the right." The word "suppose," in the instruction, is used in the same sense that "supposition" and "supposed" are used in these cases, and, we think, clearly with as much accuracy. We must hold this objection also untenable.

*Third*—It is likewise objected that this instruction assumes that personal injuries were received by the plaintiff, and that

plaintiff believed they resulted from the conduct of the defendant, instead of leaving it to the jury to find whether plaintiff had sustained personal injuries, and whether he believed they resulted from the conduct of the defendant, etc. This objection, in our opinion, originates in a misapprehension of the effect of the language of the instruction. The instruction expressly leaves it to the jury to determine, from the evidence, whether plaintiff, in good faith, supposed he had a cause of action against the defendant on account of personal injuries, which he believed resulted from the conduct of the defendant, and thereupon threatened to sue the defendant on account thereof, and that the note was given in settlement of this threatened litigation, etc.

If the facts were as we have before said we must assume the Appellate Court found them to be, there can be no doubt appellant was liable in some amount to appellee. The putting of powder in smoking tobacco, whether a mere thoughtless act for purposes of amusement, or a malicious act with an intention of doing harm, was necessarily extremely dangerous in its tendency, and can not be excused. Even if appellee had been taking the tobacco as a trespasser, this was not justifiable as a measure of prevention. Wharton on Negligence, sec. 346; Wood on Nuisance, sec. 135. There was, therefore, such a claim on behalf of appellee as to lay a reasonable ground for the appellant making the promise. *Mulholland* v. *Bartlett*, 74 Ill. 62; *McKinley* v. *Watkins, supra.* And the only question to be settled was, whether the appellee honestly supposed or believed (using those words as convertible) that he had a cause of action, and whether the promissory note was, in good faith, given and accepted as a compromise of that cause of action. *McKinley* v. *Watkins, supra; Sigsworth* v. *Coulter*, 18 Ill. 204; *Honeyman* v. *Jarvis*, 79 id. 322.

We do not think the instruction could have misled the jury, and the giving of it was not, therefore, error.

Like objections are urged to the several other instructions given at the instance of appellee, and, for the reasons already expressed, we deem them also untenable.

The questions of. fact are settled by the decision of the Appellate Court, and they include the intentions of both parties in executing and accepting the note.

Objection is also urged that the court erred in modifying appellant's instructions as asked. Without stopping to inquire whether the language of the first instruction modified was objectionable as asked, we think the modification could not have prejudiced appellant. It is in almost literally the language of the law as laid down in *McKinley* v. *Watkins, supra,* and this applies with equal pertinency to the second modified instruction.

The criticism on the third modified instruction is frivolous. We do not think it possible that appellant could have been prejudiced by that modification.

Appellant's fifth instruction was properly refused, because it assumes that if appellee took the tobacco of appellant without authority of appellant, then he can not recover, which we have seen is not the law.

It is urged, as an additional objection, that the circuit court erred in refusing to allow appellant to show that appellee, for several years prior to the alleged accident, had been an habitual drunkard. In this we see no error. There was no offer to prove that appellee's eyes were affected from intemperance instead of from the explosion. The fact that he was an habitual drunkard, if such was the fact, in nowise impaired his legal right to recover for personal injuries.

Complaint is also made that the court refused to compel appellee to submit his eyes to the examination of a physician in the presence of the jury. There was no error in this. The court had no power to make. or enforce such an order.

On the whole we perceive no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*