ALICE E. BATES, IMPLEADED, ETC.

v.

JAMES H. SANDY ET AL.

*Statute of Frauds—Consideration—Promise not to Attach—Agency— Admissions of Agent—Practice—Appeal from Justice—Non-joinder of a Defendant—Instructions—Decisions of Supreme Court.*

1. A promise not to attach the property of a third person, where no ground of attachment exists, is not a consideration for a promise to pay an indebtedness of such third person.

2. The principal is not bound by the statements of an agent, unless they constitute part of the business in question.

3. Where the decisions of the Supreme Court are conflicting, this court is bound by the latest of them.

4. The non-joinder of one of the defendants in the Circuit Court, on appeal from a justice, can not be assigned for error after a trial on the merits without objection to such non-joinder.

[Opinion filed December 18, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. THOMAS DENT, for appellant.

Messrs. JONES & LUSK, for appellees.

GARY, J.  This was an appeal from the judgment of a justice of the peace.  Before the justice the suit was against Ernest Riall, Alice E. Bates and George C. Bates.  It was dismissed there as to George C. Bates and judgment rendered against the other two.

There is some doubt whether the justice had jurisdiction of Riall, either by service of process or personal appearance. Appellant alone appeared in the Circuit Court and made no objection in the progress of the case there, that Riall was not brought in, but tried the case upon its merits.  His non-joinder can not now be assigned as error.  Whatever irregularity occurred in that regard, she waived.

One of the grounds on which the appellees based their right to recover in the Circuit Court was that, as they alleged, the firm of Riall & Bates, composed of Ernest Riall and George C. Bates, was indebted to appellees; that appellees were about to commence a suit by attachment against the firm; that she had advanced money to the firm, or to her husband, George C., which had gone into the firm; that she had a mortgage upon a half interest in the firm, and was endeavoring to sell that half interest to reimburse herself; that she promised them that if they would not attach, she would pay them; that, relying upon her promise, they did not attach and shortly thereafter she did.  To this ground of recovery, besides denying it to be true in fact, she opposed the statute of frauds.

For the appellees the court instructed the jury:

" Although you may believe from the evidence that the said defendant, Alice E. Bates, was not a partner in the firm of Riall & Bates as claimed by the plaintiffs, but that she was a mere creditor of said firm as claimed by her, yet, if you further believe from the evidence that the plaintiffs had a good and valid claim against said firm, and were about to attach the goods and chattels of said firm and so informed the defendant Alice E. Bates, and if you further believe from the evidence that said Alice E. Bates thereupon, and by reason thereof, promised and agreed unconditionally with the plaint-

iffs that she would pay the plaintiffs the amount of their claim or secure it, if they, the plaintiffs, would not attach said goods, and if you further believe from the evidence that such promise, if made, was for the purpose of securing and promoting her own personal advantage and protecting her interest in said goods by preventing the levy of said attachment, or was to secure some other substantial and material advantage or benefit to her, the said Alice E. Bates, and if you further believe from the evidence that the plaintiffs, in consideration of such promises, if such a promise was made, did not commence said attachment suit, but refrained from doing so by reason of said promise (if you believe such promise was made), then the court instructs you that such promise, if made, was upon a valid consideration, and the law would not require such a promise (if made) to be in writing."

And refused, when asked by appellant, this:

"If the jury find from the evidence that Mrs. Alice E. Bates did ask the plaintiffs not to attach the property of Riall & Bates, and did promise that she would pay their claim against Riall & Bates if they would not attach, still, if they do not believe from the evidence that the plaintiff had legal grounds for such attachment, then the jury should find for the defendants."

The case in this State coming nearest to the support of appellees' position upon these instructions, is Borchsenius v. Canutson, 100 Ill. 82. There Borchsenius held, as security for money, a policy on the life of one Irgens (since dead) on which he had paid premiums. The widow agreed with him, that if he would surrender the policy, she would pay, and the policy being surrenderd, she received the money as her widow's award. The cases of Eddy v. Roberts, 17 Ill. 505; Wilson v. Bevans, 58 Ill. 232, and Meyer v. Hartman, 72 Ill. 442, are upon promises upon sufficient consideration between the original debtor and the defendant, by which the defendant undertook to pay debts of the promisee, and such promises are in those cases, held to be not within the statute of frauds, and being for his benefit, may be sued upon by the creditor who was to be paid.

Bates v. Sandy.

In Clifford v. Luhring, 69 Ill. 401, the original contractor having failed to perform, and the sub-contractor refusing to go on, the promise by the owner to the sub-contractor was to pay for work thereafter done.    Hite v. Wells, 17 Ill. 88, seems difficult to distinguish from the case first cited, but it is the duty of this court to conform to the latest decision of the Supreme Court, if they are conflicting.

But in the case in 100 Ill., and in Curtis v. Brown, 5 Cush. 491, there cited, an element existed and was relied upon as a ground of decision that does not appear in this case.    The promisee had something of value to surrender.    Here, for all that appears, appellees had no ground for an attachment, and so, by their promise not to attach, did not forego any privilege or abandon any right.    The instruction is not based upon the hypothesis that the appellees even believed that they had any ground for an attachment, if that would have brought them within the rule in Daffin v. Roberts, 9 Ill. App. 103; McKinley v. Watkins, 13 Ill. 140; and Miller v. Hawker, 66 Ill. 185. A promise not to abuse the process of the court (Bracewell v. Williams, 11 L. R. C. B. 198) or to forbear suit upon an unfounded claim (Knotts v. Preble, 50 Ill. 226; Mulholland v. Bartlett, 74 Ill. 58), is no consideration for a promise to pay.

The principle of the instruction asked for by the appellant was therefore right, at least to the extent that the appellees should have had an honest belief that they had a right to attach, but in leaving to the jury whether they had "legal" grounds, was wrong.    The law is not to be left to the jury.

The conversation with Hall, testified to by A. C. Sandy, was not evidence against the appellant.    If he was an agent, his statements, not part of any business he was doing for his principal, were not evidence.    Bensley v. Brockway, *ante*, p. 410.    This evidence might, perhaps, not have been dee ned so material as to require a reversal of the judgment, if there were no other error.

Whether, if there had been such circumstances as gave appellees the right to attach, forbearance would be such a new and sufficient consideration for a promise, as to take the case out of the statute, is a debatable question.    "Extreme cases

556    APPELLATE COURTS OF ILLINOIS.

VOL. 27.]   N. Y. and Chicago Grain and Stock Exch. v. Mellen.

make bad law," but no case cited. is quite so extreme as to sustain that proposition.   For the error in giving the instruction on behalf of appellees, the judgment is reversed and the cause remanded.

*Reversed and remanded.*