Hess & Co. v. Heegaard.

---

S. F. Hess & Co., a Corporation, etc., v. William H. Heegaard.

1. PRINCIPAL AND AGENT—*Authority to Bind Not Enlarged, When.*—The consideration or inducement which moves an agent to undertake to bind his principal, does not enlarge the authority to bind.

Memorandum.—Assumpsit and set-off. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed April 30, 1894.

The opinion states the case.

APPELLANT'S BRIEF, MORRIS ST. P. THOMAS, ATTORNEY.

A general agent of a corporation has no implied authority to make promissory notes in the name of his principal. Chicago Electric Light Renting Co. v. Hutchinson, 25 Ill. App. 476; N. Y. Iron Mine v. First Natl. Bank of Negaunee, 39 Mich. 644; McCullough v. Moss, 5 Denio, 567.

APPELLEE'S BRIEF, ASHCRAFT & GORDON, ATTORNEYS.

A general agent is one empowered to transact all his principal's business. 1 Parson on Cont., 40; Home Life Insurance Company v. Pierce, 75 Ill. 426, 435.

An agent, the principal being absent, having full charge, management and control of the business of the principal, must necessarily possess and exercise the same power and authority in the business that his principal could if present. A general agency, until revoked, is co-extensive in scope and duration with the business. The German Fire Ins. Co. v. Grunert, 112 Ill. 68.

Power to act generally in a particular business or a particular course of trade, will constitute a general agency, if this is so indicated, no matter what the private instructions of an agent may be. The extent of the authority of an agent should not be confounded with the nature of the agency; but his action will bind his principal, in either case, within the general scope of the authority which the world has been permitted to suppose he possesses. The authority of an agent may be shown by his acts about the business of his principal, and the previous course of dealing by the agent is proper evidence. Doan et al. v. Duncan, 17 Ill. 272.

Power to act generally in a particular business or a particular course of trade in a business, however limited, would constitute a general agency, if the agent is so held out to the world, howsoever restricted his private instructions may be. Crain v. National Bank, 114 Ill. 516, 526.

An agent may make himself liable to his principal for an act done in excess of his authority, and yet the principal be responsible to third persons for the act, if done within the scope of the agent's apparent authority. Hurd v. Maple, 10 Brad. 420.

Making the contract was within the apparent scope of the authority of J. E. Avery. Home Life Ins. Co. v. Pierce, 75 Ill. 426, 435; 1 Parsons Cont., 40; Fire Ins. Co. v. Grunert, 112 Ill. 68; Doan et al. v. Duncan, 17 Ill. 272; Crain v. Bank, 114 Ill. 516, 526; Hurd v. Maple, 10 Brad. 420.

J. E. Avery made the contract on behalf of S. F. Hess & Co., and not for himself.    Hypes v. Griffin, Admr., etc., 89 Ill. 134; Western Union R. R. Co. v. Smith, 75 Ill. 496; Nash v. Towne, 5 Wall. 689; Mechanics' Bank v. Bank of Columbia, 5 Wheat. 326; Rich., Fred. & Pot. R. R. Co. v. Smead, 19 Gratt. 354; Barker v. Garvey, 83 Ill. 186; Scanlan v. Keith, 102 Ill. 641; Brockway v. Allen, 17 Wend. 40: La Salle Nat. Bk. v. Tolu, Rock & Rye Co., 14 Brad. 141.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant, a corporation, sued the appellee for goods sold and delivered, upon an account substantially undisputed. The defense was a set-off exceeding the demand sued upon.

For the purposes of this opinion it is assumed that J. E. Avery was the general western agent of the appellant, and resident of Chicago, where the appellee was in business.

Cigarettes were the goods principally dealt in between the parties.

The appellant was a manufacturer in Rochester, N. Y., and a fierce competition was raging between it and a monopoly named American Tobacco Company, for the trade of buyers.

The American Tobacco Company were offering a special rebate of thirty cents per thousand on cigarettes bought of it, to buyers who would buy of no one else.    To induce the appellee to continue buying of the appellant, Avery gave to the appellee this writing:

"CHICAGO, May 28, 1890.
Messrs. W. H. Heegaard & Co., City.

GENTLEMEN :—We, in consideration of your handling our cigarettes, guarantee that you will receive the rebate of 30 c. pr. M. on all cigarettes you handle manufactured by the Amer. Tob. Co., or its branches, from April 1st, 1890, until April 1st, 1891.        Yours truly,

J. E. AVERY, Gen'l. Agt.
S. F. HESS & Co.,
Rochester, N. Y."

There is no evidence that the home office of the appellant, or any person therewith connected, had any knowledge of

that writing until all dealings between the parties had ceased; nor is there any evidence of any ratification of it, nor of any similar transaction with anybody.

The appellant did settle with another customer upon the terms of this writing:

"Confidential.                        May 27th.

Messrs. A. Meyer & Co., 141 La Salle Street, Chicago:

GENTLEMEN:—In consideration of the friendship you have extended to us in the fight against the cigarette combine, we hereby authorize you, when you remit to S. F. Hess & Co., to take off, in addition to the regular trade discount of ten per cent and two and one-half off for cash, a special discount also of two and one-half per cent, which arrangement please consider strictly private.

Yours, etc.,

J. E. AVERY,

Gen'l Agt. S. F. Hess & Co."

The distinction between the two writings is obvious. The latter contains terms upon which goods sold by appellant might be paid for.

It concerned the business of the appellant only, and as a general agent may do for his principal such acts, within the general scope of the business intrusted to the agent, as the principal might do, the terms of sale of the goods were within the authority of the agent. But the first paper was a collateral undertaking to answer for the conduct of a competitor. The consideration or inducement which moves an agent to undertake or bind his principal, does not enlarge the authority to bind.

The principle has been often applied to partners. See Bates on Partnership, Sec. 320 *et seq.*

The set-off claimed by, and allowed to, the appellee, was for the rebates that he did not receive from the American Tobacco Company. It is unnecessary to go through the details of the case, as the real question is whether the appellant was bound to make good to the appellee, the rebates, if the American Tobacco Company would not allow them.

Holding that the appellant was not bound, the judgment is reversed and the cause remanded.