## John Dobson and James Dobson v. Clair E. More, Assignee, etc.

1. CORPORATIONS—*Power of Executive Officers to Bind.*—The executive officers of a corporation, with whatsoever power under by-laws as to the usual and legitimate business of the corporation, can not, at least without express authority from the board of directors, bind the corporation by contracts not within the scope of such usual and legitimate business. Necessity does not enlarge their powers.

2. SAME—*Guaranty by Executive Officers—Ultra Vires.*—A contract of guaranty made by the executive officers of a corporation, in the absence of express authority from the board of directors, does not bind the corporation.

**Voluntary Assignments.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

L. S. HODGES and DENT & WHITMAN, attorneys for appellants.

BULKLEY, GRAY & MORE, attorneys for appellee, contended that the general rule in this country and in England is that a corporation is impliedly prohibited from guaranteeing the contract or debt of another. Humboldt Mining Co. v. Am. Mfg., Min. & Mill Co., 62 Fed. Rep. 356; Morawetz on Private Corporations, Sec. 423; McLellan v. File Works, 56 Mich. 579; 23 N. W. Rep. 321; Ætna Nat'l Bank v. Charter Oak Life Ins. Co., 50 Conn. 167; Nat'l Park Bank v. German-American Mut. W. & S. Co., 116 N. Y. 292; 22 N. E. Rep. 567; Man. W. & M. Plank Road Co. v. Watertown & P. Plank Road Co., 7 Wis. 59; Davis v. Railroad Co., 131 Mass. 258; Colman v. Railway Co., 10 Beav. 1; Pa. Ry. Co. v. St. A. & T. H. R. Co., 118 U. S. 290; Marble Co. v. Harvey, 92 Tenn. 115; 20 S. W. Rep. 427; Stark Bank v. U. S. Pottery Co., 34 Vt. 148; Webster v. Howe Mch. Co., 54 Conn. 412; Lucas Cash v. White Line Trans. Co., 70 Ia. 446; Hall v. Auburn Turnpike Co., 27 Calif. 257.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is the assignee in insolvency of the Wilson & Bayless Company, administering its assets under the direction of the County Court. That company was successor in business of George Wilson, Jr., and Theodore P. Bayless, trading as Wilson & Bayless, who, after transferring to the company for stock therein, all the stock in trade of the firm, gave, in their individual names to the appellants, notes to the amount of more than $4,000, being for indebtedness (except, perhaps, $49.30, as stated in appellant's brief, but not shown in abstract) of the firm to the appellants. Upon these notes Wilson, with the approval of Bayless, and their attorney, who held two shares in the company, indorsed a guaranty by the company. Wilson was the president and Bayless vice-president, secretary and treasurer of the company.

The appellants were about to sue out an attachment against Wilson & Bayless, and levy upon the goods transferred by them to the company in payment for stock, and the notes and guaranty were given to prevent such a step. Bates v. Sandy, 27 Ill. App. 552. In a book containing minutes of the board of directors of the company as far as page 13, at page 303, appears—the intervening pages being blank—an assignment by Bayless to the company of twenty-one shares of stock to secure the company against loss or damage by the guaranty.

The question does not arise on this record whether a corporation can be a guarantor.

The executive officers of a corporation—with whatsoever power under by-laws as to the usual and legitimate business of the corporation—can not, at least without express authority from the board of directors, bind the corporation by contracts not within the scope of such usual and legitimate business.

Necessity does not enlarge their powers. Hess & Co. v. Heegard, 54 Ill. App. 227.

There is nothing in the record indicating that the board

Chicago & South Side R. R. Co. v. Lackman.

of directors, or any other stockholders other than Wilson, Bayless and the attorney, had any knowledge of the guaranty. It was not even made at the office of the company.

Who held the stock of the company at the time the guaranty was made, does not appear, but it does appear that others subscribed for more of it than did Wilson, Bayless and the attorney.

The appellants presented the guaranty of the notes as a claim against the company assets; the court refused to allow it; and this appeal is from that refusal.

The decision was right, and the order is affirmed.