## Morris H. Vehon v. Joseph Vehon.

1. Consideration—*Debt of a Third Person.*—A note for the amount of a debt owing by the father of the payer, which the payer is under no obligation, legal or moral, to pay, and upon which the giving of the note has no legal effect, there being no release of the father or extension of credit to him, is without consideration and voidable.

2. Same—*Fear of Trouble.*—Fear of trouble with the payee of a note where there is no evidence to show that such payee had any right to make trouble, can not be moulded into a consideration for such note.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in this court at the March term, 1897. Reversed. Opinion filed April 15, 1897.

M. Salomon, attorney for appellant.

What is known in law as a good consideration, such as gratitude, moral obligation, love, etc., will not support an executory contract, as a note. Such consideration will generally support an executed contract. To maintain an executory contract, such as the note in this case, there must be a valuable consideration involved in the transaction. Hamor v. Moore's Adm'r, 8 Ohio St. 241; Kirkpatrick v. Taylor, 43 Ill. 207; Williams v. Forbes, 114 Ill. 169; Kirschner v. Spranger, 4 Pa. Dist. 144.

The mere debt of another for which a note is given would not be a consideration, because there is not valuable consideration to such a transaction. To make a consideration in such a case there must be not only an absolute release of the original debtor, but there must be outside circumstances showing the release by the creditor of a valuable right and the accrument to the maker of the note of an advantage or gain that he had not before. Wilson v. Tucker; 64 Ind. 41; Leverone v. Hildrath, 80 Cal. 139; Security Bank v. Bell, 32 Minn. 409.

D. V. Samuels and W. I. Culver, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court. This is an action by the appellee against the appellant upon a promissory note, commenced by attachment.

Vehon v. Vehon.

The defense is that the note was without consideration, upon which subject the evidence most favorable to the appellee is that the father of the appellant was indebted to the appellee, his brother; was in business in Iowa, and the appellant wished to move his father and mother and the goods to Galesburg, Illinois.

There is, at the most, a suggestion in the testimony that the appellant feared that the appellee would make some trouble about such removal, and so with no communication between the brothers, or between the appellant and his father upon the subject, the appellant gave his note to the appellee for the amount of such indebtedness.

There is no hint of any release of the father of the appellant, or any promise to him of extension of credit or forbearance by the appellee.

The transaction is simply that the appellant gave his note for the amount of a debt owing by his father; a debt which the appellant was under no obligation, legal or moral, to pay, and upon which debt the giving of his note had no legal effect.

There was, therefore, no consideration for the note sued upon. Tiedeman Com. Pap., Sec. 170; 2 Randolph Com. Pap., Sec. 466.

Fear of trouble with the appellee as to the goods which the appellant wished to bring to Illinois, with nothing to show that the appellee, had any right to make trouble, can not be moulded into a consideration. Heaps v. Dunham, 95 Ill. 583.

An agreement to forbear or give time to the father of the appellant can not be implied from the fact that the note was payable one year after date, when the case shows clearly that no agreement with him, nor any agreement taking him into account, was made.

The case is merely that the appellee persuaded the appellant to give his note for the debt his father owed.

There being no cause of action, we need not consider the attachment.

The judgment is reversed without remanding the cause.