## Norton Brothers (a Corporation) v. Samuel C. Eastman.

1. EVIDENCE—*Evenly Balanced Testimony.*—It is not true, as a matter of law, that because the only evidence in a case consists of one witness affirming and one witness denying a fact in issue, that the jury. or the court in passing upon the evidence, may not find that there is a preponderance in favor of one or the other of the parties.

2. CONSIDERATION—*Settlement of a Controversy.*—A settlement of a controversy is a sufficient consideration for a promise to pay a certain amount in discharge of the alleged liability.

**Assumpsit,** on promises, etc. Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 12, 1899.

**Statement of the Case.**—Appellee leased premises to appellant, upon which the latter conducted a manufacturing business. During the term of the tenancy the buildings leased were destroyed by fire. Both landlord and tenant

recognized the lease as terminated by the destruction of the building. A controversy arose between them, however, as to the duty and liability of appellant to remove from the premises such part of the *debris* remaining after the fire as consisted of merchandise (tin ware) and machinery owned by appellant. Negotiations were had in this connection between Mr. Dwen, acting on behalf of appellee, and the Messrs. Norton, representing appellant. Dwen testified that O. W. Norton said, "If you take away the bricks and timber of the building and uncover our stuff that you want us to remove, we will remove it;" and that when the bids for removing all the *debris* were submitted to Mr. Norton and he was informed that the estimates for appellant's share was $375, Mr. Norton said, "We will assume that. We think it only correct that we should." Mr. Norton testified that he made no such statement or promise.

Appellee had the work done as per estimates thus said to have been submitted to appellant. Appellant refused to pay, and this suit was brought. The declaration as amended consists of two counts upon the covenants of the lease and the common counts.

The covenant relied upon is as follows:

" And upon the termination of this lease in any way will yield up said premises to said party of the first part in good condition and repair, (loss by fire and ordinary wear excepted,) and will deliver the keys at the office of Peabody, Houghteling & Co., aforesaid."

The issues were submitted to the trial court without a jury. The court, by rulings upon propositions of law submitted, held that there could be no recovery upon the covenant. But the court found the issues upon the common counts for the plaintiff, appellee, and assessed appellee's damages at $375. From judgment upon such finding this appeal is prosecuted.

HERRICK, ALLEN, BOYESEN & MARTIN, attorneys for appellant.

PADDOCK, WRIGHT & BILLINGS, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

But two questions· are presented upon this appeal, viz.: first, is the evidence sufficient to sustain the finding of the trial court, that appellant, through its agent, Mr. Norton, undertook to pay the sum of $375 for the removing of the *debris;* and second, if such undertaking was sufficiently established by the evidence, is it supported by any valid consideration, or is it without consideration and therefore *nudum pactum.* The evidence as to whether appellant, through Mr. Norton, made the promise and entered into the undertaking relied upon, might appear to one reviewing it as evenly balanced. Yet it can not be said that, as a matter of law, because the only evidence consisted of one witness affirming and one witness denying the fact in issue, therefore the jury or the court passing on the issues of fact, might not have found that there was a preponderance in favor of the one or the other. If it was formerly held that in such case there could be no preponderance in favor of the litigant having the burden of establishing the fact, such is no longer the rule. Durant v. Rogers, 71 Ill. 121; Durant v. Rogers, 87 Ill. 508; Dickinson v. Gray, 72 Ill. App. 55.

We can not say that the finding by the trial court upon the issues of fact is not sufficiently supported by the evidence.

There remains, then, only the question as to whether there was a sufficient consideration moving to appellant to support the promise. Mr. Dwen testified:

"I visited O. W. Norton and we had probably three-quarters of an hour conversation, and he said he would pay for a share for the removal of the *debris,* and I insisted on it."

Mr. Norton testified:

"We had several conversations, and I took the ground always that we were not responsible for the wreck. The only thing I had said which could be construed at all as any promise on our part to do anything in the matter was on his claim that he had a lot of stuff there that we ought to take out. I think I suggested to him that possibly we might be responsible; if he would remove the brick and

other material which covered whatever stuff we might have left there, that we would take out what property there was remaining. As to any agreement to pay any sum, I never agreed to that."

It is apparent that there was a controversy between the parties as to the liability of appellant, and that settlement of such controversy was a sufficient consideration for a promise to pay a certain amount in discharge of the alleged liability. Nor does it matter that if the controversy had not been settled, appellant would have prevailed in the contention that it was not liable. McKinley v. Watkins, 13 Ill. 140; Sigsworth v. Coulter, 18 Ill. 204; Miller v. Hawker, 66 Ill. 185; Honeyman v. Jarvis, 79 Ill. 318; Parker v. Enslow, 102 Ill. 272; Stoehlke v. Hahn, 158 Ill. 79.

It is urged by counsel for appellant that inasmuch as the appellee had never demanded of appellant more than $375, the promise to pay that amount could not be held to be a compromise of a dispute, *i. e.*, an undertaking to pay a lesser sum in satisfaction of a disputed claim for a greater sum. The controversy here was as to the liability of appellant to remove all such parts of the *debris* as were made of its property, and not as to the payment of money. To settle the controversy, and in lieu of doing that which appellee insisted it should do, appellant undertook, so the court found, to pay $375. We think this constituted a sufficient consideration.

The trial court having found that there was an agreement by appellant to pay the $375, and there being sufficient consideration to support such agreement, we find no reason for disturbing the judgment. It was not error to allow the amendment of the declaration after the evidence had been heard. Appellant did not, at the time of the amendment, ask for further opportunity to present evidence. The judgment is affirmed.