## William H. Heegaard v. S. F. Hess & Co.

1. INTEREST—*On Invoices.*—At the head of each invoice of goods sent by the vendor to the vendee were printed the words: "Bills bear interest after maturity, and are subject to sight draft." Also the following: "Terms 60 days, 2 per cent discount for cash within 10 days." *Held*, not error to allow interest in this case from the date of the last invoice.

Heegaard v. S. F. Hess & Co.

2. Principal and Agent—*Authority to Bind Not Enlarged, When.*— The consideration or inducement which moves an agent to undertake to bind his principal does not enlarge the authority to bind. (Hess & Co. v. Heegaard, 54 Ill. App. 227.)

**Assumpsit,** for goods sold. Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed January 16, 1900.

Ashcraft & Gordon, attorneys for appellant; R. M. Ashcraft of counsel.

Darrow, Thomas & Thompson, attorneys for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

The opening words of the printed argument of counsel for appellant are that "This case is before this court on substantially the same evidence as was in the record in Hess & Co. v. Heegaard, 54 Ill. App. 227." It is also stated in said argument that "The chief question involved is whether or not the appellee is bound by the contracts made by J. E. Avery."

Said contracts are the same ones that were before the court upon the former appeal in this case, cited above. It was there held that appellee is not bound by said contracts. We are not disposed to reconsider the questions there considered and decided.

Appellant sought to show that "it is the custom to deal with manufacturers' agents in Chicago precisely as if they were the principals." Such testimony was offered for the purpose of thus showing that said Avery was authorized as agent of appellee to execute the contract in question. There was no error in excluding such testimony. Even if it be held that the scope and extent of an agent's authority to bind his principal by special contract could be thus established (we do not wish to be understood as so holding) it appears that appellant did not rely upon such a custom.

The appellee's place of business was Rochester, N. Y.

Appellant testified that he had negotiations with said Avery in regard to a rebate, but the matter "run along" and no contract was made. Later appellant said to Mr. Avery that he could not order cigarettes from appellee unless he could get the rebate, but would do so if he could have a contract to that effect. Avery replied that he was going to Rochester. Appellant then said, "If you find that you can make that agreement you can ship me the cigarettes." Upon the return of said Avery from Rochester he said to appellant that "it was all right, and he would make a contract for the rebate," which was afterward done.

Clearly appellant was not relying upon any custom, but relied upon the statement of said Avery as to his (Avery's) authority.

In the judgment now appealed from is included interest. On behalf of appellant it is contended that as this suit is upon an open account it was error to allow interest.

At the head of each invoice sent by appellee to appellant was printed the words: "Bills bear interest after maturity, and are subject to sight draft." Also the following: "Terms 60 days, 2 per cent discount for cash within 10 days." The date of the last bill was August 26, 1890. Interest at the rate of 5 per cent was allowed to appellee from October 26, 1890.

Counsel for appellant make no argument, cite no authorities, state no reason, why it was error to allow interest. They merely refer to the section of the statute relating to interest. We do not, therefore, feel called upon to enter into any discussion of the point thus stated, or to refer to authorities. The point is not well taken. It was not error to allow interest under the facts of this case.

The judgment of the Circuit Court is affirmed.