## Illinois Central Railroad Company v. Matilda A. Downs.

1. RULES—*when incompetent.* The admission of the rules of a railroad company, prescribing the duties and powers of its servants, is erroneous, where it does not appear that the plaintiff knew of the existence of such rules or relied or acted thereon.

2. MEDICAL EXAMINATION—*refusal to submit to, incompetent to be shown.* The refusal of the plaintiff to submit to a medical examination is not competent to be shown as affecting the plaintiff's claim of injury.

3. VERDICT—*when excessive.* A verdict of upwards of $4,500, held, in this case, excessive, even though the injuries claimed by the plaintiff to have been sustained were actually sustained.

Action on the case for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

CHARLES L. CAPEN, for appellant; JOHN G. DRENNAN, of counsel.

JOHN E. POLLOCK and BEN L. GOODHEART, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, by appellee against appellant, to recover damages for injuries alleged to have been sustained by her as the result of its negligence. She recovered a judgment in the Circuit Court for $4,518.75, to reverse which the defendant appeals. The declaration avers that on October 13, 1904, plaintiff, a married woman aged sixty-six years and somewhat corpulent, became a passenger upon one of appellant's trains for the purpose of being carried from Clinton to Heyworth; that upon the arrival of said train at Heyworth, the servants of the defendant failed to stop the same a reasonable time for her to alight safely, or to notify her and other passengers that the train was going to stop; that there was no brakeman or servant of the company at the steps of the said car to assist her to alight; that the depot platform at Heyworth was not lighted; that while plaintiff was attempting to alight from the car, the same suddenly started, whereby and by reason of the negligence aforesaid, she was violently thrown to the platform and severely injured.

The evidence, which is somewhat in conflict, tends to show the following facts: On the morning of October 13, 1904, appellee and some thirteen other persons became passengers upon one of appellant's trains, at the station of Clinton, for the purpose of being carried to Heyworth station. Ten of said passengers, including appellee, rode in the second coach of the train, and four others in the fourth coach. At Wapella, an intervening station, the train conductor met with an accident which incapacitated him, leaving the passenger coaches in charge of a brakeman only; that as the train approached Heyworth the brakeman failed to announce that fact to appellee and other passengers in the car, although the usual whistle was blown at the usual place for that station. When the train stopped at the station house at Heyworth, at about one o'clock, the brakeman assisted the passengers in the fourth car to alight and then gave the usual signal for starting the train. In the meantime, and after several passengers who were in the

car with appellee, had alighted safely, and as appellee, who was following, reached the second step of the car, the train, without warning, started to move, and appellee was thrown off the car against her husband, who was standing upon the platform endeavoring to assist her. Both appellee and her husband fell to and upon the platform, causing her injuries.

We are of opinion that if the jury believed the foregoing facts to have been established by the greater weight of the evidence, they were warranted in finding that appellee was injured by reason of the negligence of the brakeman in giving the signal to start the train before ascertaining whether or not appellee and other passengers had had a reasonable opportunity to alight. While the failure of the brakeman to perform his usual duties may have been due to the fact that owing to the disability of the conductor, additional work devolved upon him, appellant was not in the least degree thereby relieved from responsibility. It was its duty to use the highest degree of care and skill consistent with the practical operation of its railroad in providing its passengers a safe passage from the train, and it was for the jury to determine whether or not under all the surrounding circumstances, it failed to discharge such duty, as charged in the declaration.

The trial court admitted in evidence the rules of appellant in prescribing the duties and powers of its servants and employees. This was error. There was no proof that appellee ever had notice or knowledge of the existence of such rules, or that she relied, or acted upon them, or was misled by them. They were clearly inadmissible. C., R. I. & P. Ry. Co. v. Downey, 96 App. 398; L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 179.

It is strenuously insisted that the verdict is excessive. Whether or not such contention is well founded is the most serious question presented for our determination. The evidence as to whether the state of health of appellee at the time of the trial was as claimed by her, whether the same was permanent, and whether such condition was the result of her fall, is in serious conflict. It is essentially, almost

wholly, of a hypothetical character. Four physicians, called in her behalf, testified that in their opinions, appellee, in consequence of a shock to her nervous system, was at the time of the trial suffering from "traumatic neurasthenia." The testimony of an equal number of expert physicians, called by appellant, tends to show that while appellee was suffering from injuries to the muscles and ligaments of her back, her spinal cord was uninjured; that there was no evidence of neurasthenia, and that she would probably entirely recover from her injuries within a year. We have carefully read and considered all the evidence relating to the question, and are impelled to hold that the amount of damages awarded is manifestly not justified by the greater weight of the evidence. While appellee testifies that she suffers at times from pains in her leg and back, and is troubled and inconvenienced by numbness, nervousness and, at times, insomnia, it is not clear from the evidence that such pain and attendant discomforts are the result of a nervous shock, or altogether due to the fall.

It is not seriously controverted, however, that, by her fall, the muscles and ligaments of appellee's back were sprained, and that she has suffered considerable pain and inconvenience in consequence thereof. Conceding that the pains, ailments and infirmities detailed by her, were due entirely to the injury and not to her advancing years or to rheumatism, with which she admits she had been afflicted prior to the accident, the verdict rendered seems to be, nevertheless, excessive. Its size can only be justified upon the theory that the condition of appellee existing at the time of the trial, would be permanent. Her attending physician, Dr. Turner, who was called in her behalf, testified that in his judgment she would completely recover in time. He is corroborated in this opinion by the testimony of four other physicians called by appellant. Admitting that all the medical and surgical experts who testified are of equal credibility, learning and experience, and are alike disinterested, it does not follow that the evidence justified the jury in finding that the condition of appellee was permanent.

I. C. R. R. Co. v. Downs.

Upon the trial appellant sought to introduce evidence to the effect that prior to the trial it had requested appellee and her counsel, to permit physicians, to be selected and paid by appellant, to make a physical examination of appellee in the presence of her physicians, and that they both had refused to do so. The trial court held the proffered evidence to be incompetent, which ruling is urged as error.

It was held in Parker v. Enslow, 102 Ill. 272, that a court has no power to require a plaintiff, in a suit for personal injuries, to be subjected to a physical examination at the instance of the defendant. The analogous proposition that a plaintiff may properly and legally decline to submit to such examination, may be inferred. The majority of this court is, therefore, not prepared to hold that where a party merely insists or rests upon a legal right, such fact is competent as an admission against interest.

It is complained that the court erred in refusing a number of instructions offered by appellant. We have examined the same and are of opinion that their refusal was not error. Many of them were substantially covered by others given, and the remainder either did not accurately state the law, or were unwarranted by the evidence. Several instructions given for appellee are subject to criticism. The second is abstract in form and therefore not to be approved. The fourth defines the duty of the defendant too strictly. It was not bound to hold its train indefinitely to afford the plaintiff an opportunity to alight. The fifth authorizes the assessment of damages for any loss of time or expense which appellee may have sustained. There is no evidence that prior to her injury appellee was engaged in employment other than her household duties, or as to the value of medical services rendered or of any other necessary expense incurred by her. The remaining errors assigned will probably not arise upon a retrial, and we shall not extend this opinion by discussing them.

For the reason that the amount of the judgment is clearly excessive it must be reversed and the cause remanded.

*Reversed and remanded.*