## John Funk v. Harry L. Hossack et al.

### Gen. No. 4,672.

1. INDORSEMENT—*when new consideration required to support.*
A consideration other than that given upon the making and de-
livery of a note, is required where it appears that the indorse-
ment was made after such execution and delivery.

2. CONSIDERATION—*when promise not to force into bankruptcy
insufficient.* A promise not to force a farmer into involuntary
bankruptcy is not a sufficient consideration to support an indorse-
ment, as the bankruptcy act exempts farmers from involuntary
bankruptcy.

Judgment by confession. Appeal from the County Court of
LaSalle county; the Hon. WILLIAM H. HINEBAUGH, Judge, presid-
ing. Heard in this court at the April term, 1906. Reversed, with
finding of fact. Opinion filed November 9, 1906.

FOWLER BROS., for appellant.

McDOUGALL & CHAPMAN, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the
court.

Appellees entered judgment by confession against
E. S. Mallory, Raynard Sampson and appellant at
the November term, 1903, of the County Court of
LaSalle county. On motion of appellant the judgment
was opened and leave given him to plead, pursuant
to the direction of this court in Funk v. Hossack,
115 Ill. App. 340. He filed a plea of general issue with
notice of three defenses: first, that the execution of
the promissory note was obtained by fraud and cir-
cumvention; second, that appellant never agreed to
sign the note; and third, that there was no consider-
ation for the signing of the note by him. Trial was
had before a jury, which resulted in a verdict in favor
of appellees against Raynard Sampson and John
Funk, plaintiffs having dismissed as to Mallory. The
court entered judgment for $44.67 upon the verdict,
from which judgment Funk prosecutes this appeal.

H. L. Hossack & Son, implement dealers at Ottawa, had sold to E. S. Mallory and Raynard Sampson, tenants of John Funk, some machinery they held for sale on commission as agents of the McCormick Harvester Company, and received promissory notes therefor. The harvester company had not accepted the notes, because of doubt as to the solvency of the signers. H. L. Hossack and another agent of the harvester company, named Stilwell, interviewed Funk to induce him to sign the notes as security. Funk made an arrangement with his tenants whereby he took a chattel mortgage to secure him for such liability and agreed to sign the harvester company notes. Hossack took the harvester company notes to Funk's home and got them signed by him, and also obtained the signature of Funk to two other notes, signed by Mallory and Sampson, as principals, to appellees as payees. This occurred about five months after the notes had been delivered to appellees.

Appellant testified that he never signed the notes, and Hossack testified in substance that after Funk had signed the McCormick Harvester notes, Hossack brought out the note in question in this suit and another note, and told appellant that the note was given for machinery bought by his tenants which was included in the mortgage Funk had, and that he had no other way of collecting it from his tenants except to put them into bankruptcy, and thereby invalidate Funk's mortgage, and promised Funk if the latter would sign the notes Hossack would not put the mortgagors in bankruptcy, and also that if Funk would sign the notes he would be easy on Funk's tenants on their bill for binding twine that fall.

Without discussing the question whether or not appellant did knowingly sign the notes, or whether the signature was obtained by fraud or circumvention, we will take up the question of the sufficiency of the consideration, which is the controlling one in this case,

because if there was no consideration then it would make no difference whether the note was signed by Funk or how he signed it.

It appears from the evidence that the signature of Funk was obtained five months after the note was made and delivered to H. L. Hossack & Son and was in no respect connected with the original consideration, or the transaction out of which said notes arose. Such being the case, it is clearly the law that a new and sufficient consideration for the indorsement was required to be shown, in order to establish a legal and binding undertaking of guaranty on the part of Funk. Appellees contend that sufficient consideration is shown by the promise to refrain from putting appellant's tenants into bankruptcy, and by the promise to be easy on the tenants on their bill for binding twine that fall. As to the promise not to put appellant's tenants into bankruptcy, we do not regard this a sufficient consideration, for the reason that they were farmers and could not be forced into involuntary bankruptcy. As the consideration must have some value and reality, the assumption of a supposed danger or liability which has no foundation in law or in fact is not a valuable or sufficient consideration. 1 Parsons on Contracts, 437. Appellees surrendered nothing of value, for they had no ground to put appellant's tenants in bankruptcy, as they were farmers and could not be forced into involuntary bankruptcy, and so in their promise not to do so, they did not forego any privilege or abandon any right. Bates v. Sandy, 27 Ill. App. 552. Fear of trouble with the payee of a note, where there is no evidence to show that such payee had any right to make trouble, cannot be moulded into a consideration. Heaps v. Dunham, 95 Ill. 583; Vehon v. Vehon, 70 Ill. App. 40.

In regard to the promise of the appellees that they would be easy on the appellant's tenants on their bill for binding twine that fall, we think that is also in-

sufficient, as appellant was under no obligation to pay for his tenants'' binding twine, and there is no evidence that the tenants owed any bill to appellees for binding twine, and even if they did the promise is too indefinite. ''A promise to forbear for a little time, or some time, is too indefinite to constitute a good consideration.'' Morgan v. Park National Bank, 44 Ill. App. 582.

Therefore an essential element of a cause of action against appellant is wanting, and it was error to give judgment for appellees when the evidence failed to show any sufficient consideration for the alleged promise.

The judgment is, therefore, reversed.

*Reversed.*

Finding of fact, to be incorporated in the judgment of the court: We find that there was no consideration for the signing of the note by appellant.