No. 1,833.

## PURVIANCE, ADMR., *v.* PURVIANCE.

CONTRACT.— *Consideration.— Decedent's Estate. — Assumption of Debt by Widow.—Claim.*—An agreement by a widow, and sole heir of a decedent, to pay a claim against her husband if the claimant will refrain from bringing suit, or filing the claim against her husband's estate, is supported by a sufficient consideration.

STATUTE OF LIMITATIONS.—*Claim for Work and Labor.—When Statute Begins to Run.*—The statute of limitations does not begin to run against a claim for work performed under an agreement that the employer will provide for payment therefor in his will, until the employer dies or the employe ceases working for him.

DECEDENT'S ESTATE.—*Evidence.—Refraining from Filing Claim.*— The mere fact that a claimant against an estate forbore to bring suit on his claim, raises no inference of an agreement by the widow and sole heir of the decedent to pay the claim, if such claimant would refrain from bringing suit or filing his claim against the estate.

PLEADING.—*Complaint.—Date of Contract.—Decedent's Estate.*—A complaint on a contract made with an intestate is not bad for failing to state the date of the contract.

SAME.—*Claim Against Estate.*—A complaint alleging that defendant's intestate was the only heir at law of her husband, against whom plaintiff had a claim for services, and that she "took and held" all the property which he left at his death, amounting to $4,000 as such sole heir, sufficiently shows that there were no other claims against the husband's estate.

From the Huntington Circuit Court.

*J. Q. Cline, Kenner & Lesh,* for appellant.

*Sayler, Sayler & Sayler,* for appellee.

REINHARD, J.—This action is in the nature of a claim, filed by the appellee against the estate of the appellant's decedent, Elmina E. Purviance.

One of the specifications of error is that the complaint does not state facts sufficient to constitute a

good cause of action. There was no demurrer to the
the complaint, nor was its sufficiency tested in any
other way.

The complaint or statement of appellee's claim is as
follows, omitting the mere formal parts:

"The estate of Elmina E. Purviance, deceased.

"To James A. Purviance, Dr.

"To work and labor from the——day of August,
1861, to the 19th day of August, 1878, at the rate
of $11.90½ per month—$1,000.00, and six per cent.
per annum interest thereon for seventeen years. Said
labor was done and performed under the following cir-
cumstances, to-wit: John W. Purviance and the said
Elmina E. Purviance, deceased, were husband and wife
and were childless. About the 14th day of February,
1861, the said John W. Purviance and Elmina Purvi-
ance, his wife, took this claimant, who was then a minor,
to live with, and work for, and serve them, the said John
W. Purviance declaring at various times that he would
make suitable provision for this claimant in his will, in
payment of said work and labor. The said John W.
Purviance died about the 27th day of November, 1887,
without making any will whatever, and without mak-
ing any provisions whatever, for this claimant, or for
paying him anything whatever for his said work and
labor. After the said work and labor was so performed
as aforesaid, the said John W. Purviance and his said
wife, Elmina E. Purviance, conveyed by deed all of the
real estate in the name of the said John W. Purviance
to Joseph G. Purviance, without any consideration
whatever, not leaving $600.00 worth of property in his
name subject to execution for the payment of his debts
or subject to bequest by him, and whereupon the said
Joseph G. Purviance conveyed all of said real estate by
deed to the said Elmina E. Purviance without any con-

sideration whatever.   The said John W. Purviance left the said Elmina E. Purviance, deceased, his only heir at law, who took and held all the property which the said John W. Purviance left at his death, which together with said real estate was of the probable value of $4,000.00, as such sole heir at law.   The said Elmina E. Purviance, deceased, promised the claimant that if he would not bring any suit or claim against the estate of the said John W. Purviance, deceased, for his said work and labor, she would provide for the full payment of his said work and labor  out of her estate by her last will, and in consideration of said promise the claimant did not bring any suit or claim for said work and labor against the estate of the said John W. Purviance, but relied on said promise of the said Elmina E. Purviance, deceased, for payment for said work and labor.   The said Elmina E. Purviance died on the 3rd day of June, 1894, without making any will whatever and without making any provision whatever for payment for said work and labor or any part thereof.   As a detail of the said promise of the said Elmina E. Purviance, deceased, to provide for the payment of said work and labor out of her estate by her last will, the said Elmina E. Purviance, deceased, promised to devise all her property to the children who had lived with her, to-wit:   This claimant, Anna Mayne and Mina Huff, and John Hutsell, as they had all helped to make said property and were loved by her.   The said Elmina E. Purviance, deceased, left an estate of the probable value of $4,000.

"Wherefore," etc.

Obviously, the complaint proceeds upon the theory that the decedent, who was the widow of the original promisor, agreed to pay the claim, if the appellee would refrain from bringing suit, or filing the claim against the estate of her deceased husband.   Had the claim

been prosecuted within the statutory period against the estate of John W. Purviance, deceased, it would probably have been sufficient to entitle the claimant to recover an allowance, although the complaint does not aver an express promise to pay in consideration of work and labor performed, but only a "declaration at various times" that he (John W. Purviance) would make provision in his will, etc.   *Taggart* v. *Tevanny,* 1 Ind. App. 339; *Puterbaugh, Admx.,* v. *Puterbaugh,* 7 Ind. App. 280; *Knight, Admr.,* v. *Knight,* 6 Ind. App. 268. But as against the appellant's decedent the claim could not be maintained except for the promise alleged to have been made by her, that if appellee would not pursue the estate of her deceased husband, she would pay it, or provide for appellee out of her own estate.   This promise was valid and rested upon a sufficient consideration. But for such promise the appellee might have found his remedy by making his claim out of the assets of the estate of John W. Purviance, deceased, and to the extent of any allowance against said estate, the distributive share of the appellant's decedent would have been diminished.   Hence the promise and its fulfillment enured to the pecuniary benefit of appellant's decedent and to the corresponding injury or loss of the appellee.   These are the essential elements of a valid consideration.   *Ditmar* v. *West,* 7 Ind. App. 637.

The claim was not barred by the statute of limitations at the time the appellee might have filed it against the estate of John W. Purviance.   The statute did not begin to run until the services had been performed; as to John W. Purviance, not until the time of his death or until the appellee might cease working for him. *Taggart* v. *Tevanny, supra,* at p. 357.

The agreement to pay the debt by the appellant's decedent was not void because of the fact that she was

the widow of the promisor and herself ratified an agreement made by her deceased husband. She would not be bound by such a promise. The original debt being that of her husband, her promise to pay it would not be binding upon her, if there was no other consideration involved. Even if she had promised to pay the claim originally, such promise would have been void, by reason of her coverture, and hence, *a fortiori,* the contract of her husband would have been incapable of ratification by her. *Austin* v. *Davis,* 128 Ind. 472.

But the agreement relied on here is quite a different one. It is not an attempted ratification of a contract made by her husband, but it is a new and original agreement made by herself to pay a certain amount in a certain way, if appellee would forbear to sue and thus leave her in the enjoyment of the estate inherited from her husband. It was the promise to forbear suit against her husband's estate made by appellee that gave validity to the promise of appellant's decedent.

Nor was it necessary to aver in the complaint that there were no debts or claims against the estate of John W. Purviance. The averment that he left the said Elmina E. Purviance his only heir at law, who took and held all the property which he left at his death, and which was worth $4,000.00, as such sole heir, is sufficient to obviate the objection that there might be a possibility that the other claims against John W. Purviance's estate would consume the assets. If the appellant's decedent, at her husband's death, took and held all the property he left, amounting to $4,000.00, it cannot be true that the same was required to pay his other debts.

We do not think the complaint is bad for failing to state the date of the contract between the claimant and

the widow. If the appellant desired a more definite averment as to time, he should have moved to make the statement more specific. If the claim was barred by the statute of limitations, ordinarily it would devolve upon the defendant to set it up as a defense unless such fact appeared on the face of the complaint, in which case the defect might be reached by demurrer. But in claims against estates of deceased persons, the statute is available without pleading it. *Perrill, Admr.,* v. *Nichols,* 89 Ind. 444.

But in no event is the complaint bad because the date of the accruing of the cause of action is not disclosed.

We fully agree with appellant's counsel that the complaint must be held good, if at all, by reason of the averment that the appellant's decedent promised to pay the appellee, or to provide for him, out of her estate, if he would not bring suit or file a claim against her husband's estate, and that in consideration of such promise appellee did not bring suit for his work and labor against said John W. Purviance's estate, but relied on the promise of said Elmina for the payment of his said work and labor. This averment is the foundation on which the complaint must stand, and we think it renders the complaint sufficient to withstand the assault made upon it for the first time in this court.

Among the other errors relied upon, the appellant urges the insufficiency of the evidence as a cause for a new trial.

We have searched the record in vain for any evidence to support the averment in the complaint that the appellant's decedent promised to provide for the appellee if he would refrain from bringing suit or filing his claim against her husband's estate, and that in consideration thereof, he did so refrain. There is an abundance of evidence from which the jury might properly

have found that the appellant's decedent promised to provide for the appellee in her will, but the consideration for such promise alleged in the complaint remains unproved. There is not a scintilla of testimony which tends to prove in the remotest degree that the appellee ever made such a promise or agreement as it is in the complaint averred that he made, or that the promise of appellant's decedent was based upon any such consideration. Nor have we been referred to any such testimony, by appellee's counsel. The only argument by which counsel seek to extricate themselves from this dilemma is that the fact of appellee's having actually forborne to bring suit against John W. Purviance's estate was a proper basis for an inference for the jury that such must have been the agreement. This position is untenable. In our view of the law such an inference would be too remote, and the jury was not warranted in deducing it from the fact stated. The appellant was therefore entitled to a new trial.

Judgment reversed.

Filed December 10, 1895; petition for rehearing overruled January 29, 1896.