### Louise M. Good et al., Defendants in Error, v. Wilhelm Krause, Plaintiff in Error.

### Gen. No. 6,680.

1.  COMPROMISE AND SETTLEMENT, § 5*—*what is sufficient consideration for compromise.* The settlement of a bona fide dispute or a doubtful claim, if made fairly and in good faith, is a sufficient consideration for a compromise based thereon.

2.  COMPROMISE AND SETTLEMENT, § 5*—*what is not sufficient consideration for compromise.* The surrender of a claim which is entirely without foundation, either in law or in equity, does not afford a sufficient consideration for a compromise.

3.  COMPROMISE AND SETTLEMENT, § 5*—*what is sufficient to support compromise.* It is sufficient to support a compromise that there is an actual controversy between the parties of which the issue fairly may be considered by both parties as doubtful, and that at the time of the compromise they in good faith so considered it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. CONTRACTS, § 78*—*when promise not to interfere in settlement of estate is without consideration.* A promise by one to the mother, sister and brothers of his deceased wife that if they would not interfere in the settlement of her estate, which consisted wholly of personalty, as far as appeared from the evidence, he would pay them $2,000, is without consideration and not enforceable against him.

5. APPEAL AND ERROR, § 1236*—*when party estopped to make claim on appeal.* Where, in an action against one to recover on a promise alleged to have been made by him to plaintiffs, the mother, brothers and sister of his deceased wife, that he would pay them a certain sum of money if they would not interfere with the settlement of the estate, the defendant testifies without contradiction that his wife's estate in the State consisted wholly of personalty and that he did not receive any interest from her and invest it in realty in the State and plaintiffs refuse to permit him to state who paid for all of the realty, they are in no position to contend on appeal that deceased had property in real estate, furnishing a foundation for a reasonable claim by them of inheritance.

Error to the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the April term, 1919. Reversed with finding of facts. Opinion filed October 14, 1919.

JAMES K. BLISH and JAMES N. CUMMINGS, for plaintiff in error.

JAMES H. ANDREWS, for defendants in error.

MR. JUSTICE CARNES delivered the opinion of the court.

The four defendants in error, hereinafter called plaintiffs, are the mother, sister and brothers of the deceased wife of Wilhelm Krause, the plaintiff in error, hereinafter called the defendant. They brought this action of assumpsit alleging his oral promise to pay them $2,000 if they would not interfere in his settlement of her estate. They had a judgment on a verdict of $2,000, from which he prosecutes this writ of error. Plaintiffs' theory of the case is that they claimed an interest in the estate of the deceased wife

of the defendant; that he promised to pay them $2,000 in compromise of that claim, which promise they accepted, and that it is immaterial as matter of law whether there was any reasonable foundation for that claim. Defendant's theory is that if the promise was made it was without consideration and not enforceable, unless the claim was capable of support in an action in law or in equity; that the deceased wife left no issue surviving, and left only personal property, which, under our statute of "Descent" passed to her husband; therefore, plaintiffs had no right, or color of right, to such property, and any promise made in compromise of an asserted right therein was without consideration.

The declaration in two of its three counts averred, in stating the consideration for the promise, that the plaintiffs believed and had good reason to believe that they had an interest in said estate. The other count omitted the averment of "good reason" for the belief.

The evidence stated most strongly for plaintiffs is that Mary E. Krause, the deceased, died a resident of Illinois, September 17, 1915, intestate, and without issue, leaving surviving her husband and the four plaintiffs as her only heirs and distributees; that she had inherited some money from her deceased father, and at the time of her death a part or all of that money was in a $2,000 interest-bearing promissory note, payable to her; that at the same time the defendant owned two houses and lots in Henry county, Illinois, one of them their homestead; that shortly after the funeral the defendant told the plaintiffs if they would not interfere in the settlement of the estate he would give them that $2,000 that his wife inherited from her people; that the interest on that money had gone into real estate; and plaintiffs accepted the proposition and did not interfere with the defendant's settlement of the estate.

The defendant, as a witness, denied substantial

parts of this conversation, but for the purpose of this investigation we assume it occurred as plaintiffs state. But he testified without contradiction that he did not receive any interest from his wife and invest it in real estate; that he never received any interest from his wife and invested it in real estate in the State of Illinois; that she did not own any real estate at the time of her death or any interest in real estate in Illinois. He was asked by his counsel: "Who paid for all the real estate?" The question was objected to as immaterial, and the objection sustained.

The court tried the case on the theory that if the plaintiffs honestly claimed a right in the estate of deceased, and there was no fraud or misconduct on their part in procuring the promise sued on, there was a good consideration for the promise, and ruled on the evidence and instructions accordingly. The question presented here is whether a claim, however unreasonable, may form the basis of a compromise and valid agreement to pay, or whether the claim must be, as alleged in two counts of the declaration, grounded in a reasonable belief. In other words, whether it is necessary that it be at least a *doubtful* claim. If the deceased left only personal property, plaintiffs had no interest in it, and the claim was not reasonable. There is nothing doubtful about it. They may have believed they had an interest, but it was not a reasonable belief.

The subject is treated in 12 Corpus Juris beginning on page 324. It is said on that page: "The settlement of a bona fide dispute or a doubtful claim, if made fairly and in good faith, is a sufficient consideration for a compromise based thereon"; on page 326: "There is some variance of authority as to what may constitute a bona fide dispute or a doubtful claim"; on page 327: "The surrender of a claim which is entirely without foundation, either in law or in equity,

does not, according to the great weight of authority, afford a sufficient consideration for a compromise''; on page 331: "It is sufficient to support a compromise that there be an actual controversy between the parties of which the issue fairly may be considered by both parties as doubtful, and that at the time of the compromise they in good faith so considered it''; on page 332: "A person asserting a claim without any ground whatever on which to base it cannot be said to have acted in good faith." The above quotations fairly state the law as held by our Supreme Court. In *Heaps v. Dunham,* 95 Ill. 583, a compromise settlement was under consideration. Two claims were asserted and compromised, one of them doubtful, the other not. In the former, while the defendant might not have been liable, there were reasonable grounds for asserting such liability; and it was held a sufficient consideration to support the agreement in so far as it rested on that ground. The other claim was based on a supposed legal right that could not exist in the party making the claim, and it was held insufficient to support a promise. The court cites Parsons on Contracts to the effect that the claim must be of some value in reality, and that the assumption of a supposed liability, which has no foundation in law or in fact, is not a valuable or sufficient consideration, and that where one, through mistake of the law, acknowledges himself under an obligation which the law does not impose, he is not bound by such promise, although, in general, ignorance of the law is no excuse or defense, and Chitty on Contracts to the effect that it is essential that such claim should be sustainable in law or in equity, and the consideration fails if it appears that the demand was utterly without foundation, though the giving up of a doubtful claim will suffice, and *Mulholland v. Bartlett,* 74 Ill. 58 (a case in which the court reviewed the authorities), and quotes with approval that: "There must be a well-founded claim

in law or in equity foreborne, or there must be a compromise of a doubtful right.'' We do not find *Heaps v. Dunham, supra,* cited on this point in any later Illinois Supreme Court decision. The Appellate Court of the First District cited it, and summarily disposed of a case where a note was given in compromise of a claim that the maker was under no legal or moral obligation to pay. It was suggested that trouble was avoided by the compromise, and the court said the fear of trouble with nothing to show that the payee had any right to make trouble could not be molded into a consideration. It was again cited by that court in *Herbert v. Mueller,* 83 Ill. App. 391, 395, in which the consideration was held to fail because it was clear that the promisee had no legal demand against the promisor. It was cited and followed by this court in *Funk v. Hossack,* 129 Ill. App. 421, where it was held that a promise not to put appellant's tenants into bankruptcy was not a sufficient consideration because they were farmers and could not be forced into involuntary bankruptcy; and we said that the assumption of a supposed danger of liability which has no foundation in law or in fact is not a valuable or sufficient consideration. It is said in *Woodall v. Peden,* 274 Ill. 301, 306: ''The compromise of a doubtful right made in good faith is a sufficient consideration for a conveyance; and that is true, regardless of the question whether the right was well founded or not. The actual right must be on one side or the other, and on which side makes no difference. * * * But there is nothing in the nature of a compromise where the claim made is one which could not be enforced under any state of proof, either in law or equity.''

Some courts have used language indicating, when read apart from the rest of the opinion without considering the actual case decided, that an honest dispute about property rights, however groundless and

absurd the claim might be, is sufficient to support a compromise agreement. Such expressions may be found in opinions in our Supreme Court, but we know of none there in cases where there was no color of right in the asserted claim. And even in cases where such expressions are used like *Parker v. Enslow,* 102 Ill. 272, the court has shown in its opinion that the asserted claim was one on which an action might be maintained, thus indicating that it regarded that fact material. It is true, as stated in 12 Corpus Juris, 328: "It is difficult to determine at just what point a claim is transformed from a baseless to a doubtful one." And as said in *Gray v. United States Savings & Loan Co.,* 116 Ky. 967: "The line between these two classes of cases sometimes becomes exceedingly fine, but it is none the less real for that reason." It may be difficult to lay down an accurate general rule. But when, as said in *House v. Callicott,* 83 Miss. 506, 35 So. 761, one has nothing to compromise except a power to foment trouble, he has no consideration to offer to support an agreement. In the present case plaintiffs had no reasonable claim to personal property left by the deceased, and we hold the assertion and compromise of such a claim furnished no consideration for a promise however honest and mistaken the parties may all have been.

As before noted, according to plaintiffs' evidence, there was some talk at the time of the family agreement implying that during the lifetime of deceased some of her money had gone into real estate owned by the defendant; that he then said that the interest on her $2,000 note had gone into real estate. But plaintiffs did not show, or attempt to show, that such was the fact. They left entirely uncontradicted the testimony of the defendant that his deceased wife left no real estate, or interest in real estate, and none of her money had been invested in real state. He offered to show what money paid for the real estate that he

owned and plaintiffs, by their objection, kept that proof out of the record. Under that state of proof the plaintiffs have no standing here to say that the deceased had property in real estate, furnishing a foundation for a reasonable claim by them of inheritance. It is quite apparent from a reading of the record that the only claim plaintiffs had, or thought they had, or asserted at the time of the family conference, was to the $2,000 note which they thought should go back into the family of deceased because it had come from that source. The record entirely fails of proof that deceased left any real estate or any interest therein; and contains positive evidence that she did not. We therefore conclude that plaintiffs had no interest in and no reasonable claim to any property of the deceased, and no reasonable belief in any such claim or interest; that there was no consideration for the alleged promise of the defendant, and the judgment must be reversed.

*Reversed with finding of facts.*

Finding of Facts. We find that the alleged promise of the defendant sued on in this case had no other consideration to support it than a claim of the plaintiffs of an interest in the personal estate of deceased. They had no such interest, and no reasonable belief that they had any such claim or interest; that no doubtful question was settled or compromised, and there was no good or valuable consideration for the promise of the defendant on which this action was brought.