## Hardin's Administrators, et al. v. Hardin.

(Decided December 7, 1923.)

### Appeal from Nelson Circuit Court.

1. **Compromise and Settlement—Consideration Necessary to Render Settlement of Family Disputes Valid.**—The fact that compromise settlements, especially of family disputes, are favorites of the law, does not dispense with the necessity for some consideration to render them valid.

2. **Compromise and Settlement—Good Faith and Claim Not Doubtful Not Sufficient Consideration.**—Good faith alone is not sufficient to support a compromise where claim surrendered is without foundation and not a doubtful one.

3. **Compromise and Settlement—Party Not Estopped to Deny Validity of Contract Because Other Party Surrendered Worthless Claim.**—A widow, who in a compromise agreement agreed to take a child's part in lieu of dower in consideration of cancellation by the child of a parol contract with decedent, was not estopped to deny the validity of her contract with the child because she thereby induced the surrender by the child of his contract with the decedent, where all the parties concerned had the advice of able counsel who determined that the contract with the father was valueless because within the statute of frauds.

NAT HALSTEAD, T. SCOTT MAYES and W. F. GRIGSBY for appellants.

W. C. McCHORD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

L. H. Hardin died intestate, February 22, 1921. He was survived by his widow, the appellee, and thirteen children, eleven of whom were by a former wife.

Less than three weeks thereafter the widow entered into a written contract with his administrators and a son, Estill Hardin, by which she agreed to take a child's part (1/14) of her deceased husband's estate, in lieu of her dower and distributable share therein, in consideration of the cancellation by Estill of a parol contract by which his father had agreed to purchase and pay him $7,000.00 for a half interest in a tract of land.

Later, she instituted this action to cancel that contract, upon the grounds that it was fraudulently obtained and was without consideration.

The chancellor found there was no fraud, but cancelled the contract for want of consideration.

Counsel for appellants insist the chancellor correctly decided the question of fraud, but erred as to the question of consideration, while the position of counsel for appellee is just the reverse, but as we have concluded the contract was void for want of consideration, the question of fraud will not be discussed.

There is no dispute as to the facts with reference to the consideration. Decedent had agreed to purchase from his son Estill a half interest in a tract of land, to pay him $7,000.00 therefor, and had turned over to him some notes in accordance with that agreement, but no deed or other writing had been executed. Estill was insisting the sale was binding upon his father's estate and some of the heirs were insisting it was not. At a conference of the interested parties, Mrs. Hardin suggested a named lawyer be consulted about the matter, and he was called. He advised all parties the sale was not binding, and that Estill could be made to return or account for the value of the notes by suit if he would not do so otherwise. Mrs. Hardin then offered to take a child's part in the estate if Estill would agree to cancel the sale and account for the notes, which he did, and the contract so providing was later drawn and signed.

The contract for the sale of the land by Estill to his father, not being in writing, was clearly within the statute of frauds, just as all parties were advised before the contract was executed. What then was the consideration for the widow's agreeing to take $2,600.00 to $3,100.00 less than was due her, as the contract obligated her to do?

Accepting the chancellor's finding that there was no fraud, it must be conceded all parties were acting in good faith to avoid litigation in the settlement of family affairs, although it is difficult to believe Estill was acting in good faith in threatening to sue or stand suit on so groundless a claim. But even so, unless this fact alone will support a contract, regardless of the further fact that the threatened litigation was clearly groundless, there was no consideration for this contract.

Neither Estill nor the administrators surrendered anything more than an opportunity to litigate a groundless claim, and the widow received even less for her surrender of nearly all of her interest in her husband's estate. The fact that compromise settlements, especially of family disputes, are favorites of the law, does not dispense with the necessity for some consideration to render

them valid. Nor does the fact that this agreement was made so soon after the death of Mr. Hardin affect the question of consideration for the contract as it would the question of whether a fraud was practiced upon the widow.

The single question then is, can good faith alone support a settlement contract?

There are cases so holding, and in 5. R. C. L., at page 882, it is stated these are the better considered cases. Upon the next preceding page, however, it is said:

"But it is generally recognized that to make a compromise of a claim sufficient to constitute a consideration for a new promise, the claim must not be wholly without foundation, and known to be so; for a compromise of a claim known to be groundless is void for fraud and for want of consideration."

Of course if the claim is known by the claimant to be groundless, he is not acting in good faith in asserting it, but is it any easier to ascertain whether at the time he knew his claim was groundless than it is to decide whether the claim was then a doubtful one? It is because of this latter difficulty that the author of the above text concludes the better rule depends wholly upon the good faith of the parties.

To our minds, it is easier to decide whether the claim was a doubtful one than it is to ascertain whether the claimant was acting in good faith in asserting it. There is not, however, so much, if any, difference in the practical application of the two rules, since we apprehend under the one the defendant in this case would be held to be acting in bad faith in asserting a claim declared unenforceable by statute and which he had been competently advised was groundless, while under the other it would be held that his claim would not support the contract because not doubtful, even if his good faith in asserting it be conceded.

Hence we cannot agree that the cases holding good faith alone sufficient to support a settlement contract are the better considered or reasoned ones. Nor is that position supported by the weight of authority.

It is stated in 12 C. J. 327:

"While there is some authority to the effect that the compromise of a disputed claim will support an express promise, although the claim is without merit or foundation, particularly where an action has been instituted, the

surrender of a claim which is entirely without foundation either in law or in equity does not, according to the weight of authority, afford a sufficient consideration for a compromise."

This is, we feel sure, quite true, and we have examined more than a score of cases from this court on the subject, without finding a single one in which it was expressly held or said that good faith alone was sufficient to support a compromise, or that the surrendered right need not be a doubtful one. In all of these cases, except a very few involving overlapping grants, where the claims probably were in fact doubtful, it was stated such claims must be doubtful to support a compromise agreement.

Moreover, this court seems to have gone somewhat farther than any other in that direction, by holding in several cases that to be a doubtful claim it must be one about which well-informed lawyers and judges may easily differ, and about which the parties themselves do differ. Creutz v. Heil, 89 Ky. 433, 12 S. W. 926; Gray v. U. S. Sav. etc., Co., 116 Ky. 967, 77 S. W. 200; Bunnell v. Bunnell, 111 Ky. 566, 64 S. W. 420; Simmons v. Hunt, 171 Ky. 397, 188 S. W. 495; Robb v. Sherrill-Russell L. Co., 194 Ky. 835, 241 S. W. 64.

In another case it was held that the compromise claim must be one about which reasonable men at the time have entertained a substantial doubt. Western & Southern Life Ins. Co. v. Quinn, 130 Ky. 397, 113 S. W. 456. And in Cline v. Templeton, 78 Ky. 550, and Sellars v. Jones, 164 Ky. 458, 175 S. W. 1002, it was held that forbearance to sue on a claim clearly groundless is not a sufficient consideration to support a contract, which is the precise question we now have for decision.

It follows the chancellor did not err in declaring void for want of consideration the contract here involved.

It is also urged that appellee is estopped to deny the validity of the contract because she thereby induced appellant, Estill Hardin, to surrender his contract with his father and execute his note to the estate for the value of the notes transferred to him by his father, but this is only arguing in a different way that his contract with his father was a thing of value, and is clearly untenable.

Judgment affirmed.