On motion to dismiss appeal. Motion overruled July 20, argued on the merits December 28, 1926, affirmed February 23, motion for modification allowed April 5, rehearing denied May 10, 1927.

EVA HOLDER *v.* WINIFRED K. HARRIS, AD-
MINISTRATRIX, ET AL.

(248 Pac. 145; 253 Pac. 869; 254 Pac. 1021.)

**Appeal and Error.**

1. Under Section 539, Or. L., acceptance of notice of appeal signed in name of attorney "by J. H." *held* insufficient return, it not appearing that attorney was absent from his office, or that "J. H." had charge thereof or authority to accept.

**Appeal and Error.**

2. On plaintiff's appeal from ruling on demurrer by appearing defendants in suit to determine title, service of notice on defendant who had not appeared *held* unnecessary, in view of Section 550, Or. L.

ON THE MERITS.

Pleading—Complaint, Tested by Demurrer, is not Entitled to Liberal Construction in Favor of Plaintiff, on Appeal.

3.   Where complaint was tested by demurrer in Circuit Court, and demurrer was sustained, it is not entitled to liberal construction in favor of plaintiff, on appeal.

Contracts—Bona Fide Compromise Settlement of Disputed Claim will Support Agreement to Convey Property, Where There is Foundation for Claim.

4.   Compromise settlement of disputed claim, made in good faith, will support agreement to convey property, provided there is some foundation for claim, and such compromises when settling family disputes are favored by law.

Wills—Sister's Surrender of Claim Against Brother for Share of Mother's Property Acquired by Brother Before Her Death Held Insufficient to Support Agreement to Will Property to Sister's Child (Or. L., § 799, Subds. 1, 7, 8, 19).

5.   Sister's surrender of claim against brother for share of mother's property acquired before her death by brother *held* not sufficient to support agreement of brother and wife to will property to sister's child, in absence of facts showing belief as to validity of claim, reasonable, though he admitted that sister was entitled to share of property, since there is presumption that he obtained property from mother lawfully, in view of Section 799, subdivisions 1, 7, 8, 19, Or. L.

Frauds, Statute of—Brother's Oral Agreement to Will Property in Consideration of Sister's Forbearance to Sue on Outlawed Claim Held Unenforceable Under Statute.

6.   Oral agreement under which brother agreed to will property obtained from mother to sister's child, and sister refrained from bringing suit for share of such property, cannot be enforced, in view of statute, where sister had not brought action for nine years after mother's death, before making such oral agreement; forbearance not being sufficient consideration to take agreement out of statute, notwithstanding that there was no remedy if oral contract was void.

Wills—Valid Contract to Will Property is Enforceable.

7.   Valid contract to dispose of property by will will be enforced.

Frauds, Statute of—Contract to Devise must be in Writing.

8.   Contract to devise real estate is contract to convey, and must be in writing to be valid.

---

4.   See 5 R. C. L. 878.
5.   See 5 R. C. L. 879, 882.
7.   See 25 R. C. L. 306.
8.   See 25 R. C. L. 585.

Evidence—One Making Agreement for Devise of Property While Represented by Counsel must be Charged With Knowledge of Statute.

9. One entering oral contract for devise of real estate must be charged with knowledge of statute of frauds, where she was represented by counsel.

### ON MOTION FOR MODIFICATION.

Appeal and Error—Supreme Court will not Consider Affidavits Touching Merits on Motion to Modify Decree Merely by Remanding Cause.

10. Supreme Court will not consider affidavits touching merits, on motion to modify its decree for mere purpose of having cause remanded.

Appeal and Error—After Remand on Appeal from Dismissal After Sustaining Demurrer to Complaint, Court Below may Determine Whether Defendant may Answer, but Discretion is not Arbitrary.

11. When Supreme Court does not make final disposition of cause on appeal from decree of dismissal after sustaining demurrer to complaint, but remands it to court below, latter may determine in first instance whether defendant shall be permitted to answer, but such discretion is not arbitrary and is always to be exercised in furtherance of justice.

Appeal and Error—Generally, Case will be Remanded to Circuit Court for Disposition, Where Order Sustaining Demurrer to Complaint is Affirmed.

12. Generally, where Circuit Court's order sustaining demurrer to complaint is affirmed by Supreme Court, case will be remanded to Circuit Court to be disposed of agreeably to justice.

---

Appeal and Error, 3 C. J., p. 1218, n. 9, p. 1235, n. 22; 4 C. J., p. 747, n. 34, p. 1224, n. 9, p. 1225, n. 10, 11, 31, 32, p. 1226, n. 35.
Compromise and Settlement, 12 C. J., p. 324, n. 22, p. 328, n. 36, p. 337, n. 6, p. 339, n. 19, p. 362, n. 87.
Frauds, Statute of, 27 C. J., p. 208, n. 82.
Specific Performance, 36 Cyc., p. 644, n. 3 New, p. 646, n. 13, p. 650, n. 33, p. 691, n. 54, p. 692, n. 57, p. 736, n. 52..
Wills, 40 Cyc., p. 1063, n. 54, p. 1064, n. 57, p. 1072, n. 31.

From Multnomah: JOHN H. STEVENSON, Judge.

In Banc.

MOTION TO DISMISS APPEAL OVERRULED.

For respondent Winifred K. Harris, Administratrix, *Messrs. Wood, Montague & Matthiessen* and *Mr. Gunther F. Krause.*

For respondent Willula Kent Mingo, *Messrs. Winter & Maguire.*

For respondent Fred Sutherlin, *Mr. David E. Lofgren.*

For appellant, *Messrs. Manning & Harvey* and *Mr. Thomas G. Greene.*

McBRIDE, C. J.—1. The plaintiff being defeated in this suit, initiated an appeal to this court. There is no question as to the service against defendants Harris and Mingo, but there is a motion to dismiss, because it does not appear from the return that Sutherlin, an alleged adverse party, was properly served. The return of service is by acceptance in due form signed by Winter and Maguire, attorneys for Mingo, and by Wood, Montague and Matthiessen, attorneys for Harris. The acceptance, as to Sutherlin, is signed as follows: "David E. Lofgren by J H attorney for Fred Sutherlin." Section 539, Or. L., prescribing the method of service of notices, provides:

"If upon an attorney, it may be made during his absence from his office by leaving the copy with his clerk therein, or with a person having charge thereof; or when there is no person in the office, by leaving it between the hours of six in the morning and nine in the evening in a conspicuous place in the office."

It does not appear that Lofgren was absent from his office, or that the mythical "J H" was in charge of the office, or a clerk therein; or, that he had any authority to accept service. The return is insufficient. This brings up the question as to the necessity of serving Sutherlin.

2. The complaint was in equity to determine the title of plaintiff to certain real and personal property described therein, substantially setting up title and right of possession of said property and alleging that Willula Kent Mingo claimed to be the adopted daughter of Annie L. Kent, plaintiff's intestate, and that Fred Sutherlin claimed to be the sole and only heir of Annie L. Kent. It is not necessary to set forth here other alleged facts tending to show plaintiff's right to possession of said property. There are allegations that the defendants have no right or interest in the same. All the defendants were duly served, and Harris and Mingo appeared by their respective attorneys. No appearance was made by Sutherlin at any stage of the case. The case finally went off on a demurrer to the complaint by the appearing defendants. The plaintiff elected to stand on her demurrer, and, from an order of dismissal, she appealed to this court.

If Sutherlin is an "adverse party" within the meaning of the statute, appellant is clearly out of court. But, in our opinion, he is not such an adverse party as necessitated the service of a notice of appeal on him.

Section 550, Or. L., *inter alia,* provides:

"If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice signed by himself or attorney, to be served on such adverse party or parties *as have appeared in the action or suit.*"

We italicize the last line because it is fatal to respondents' contention. Sutherlin did not appear in

the suit and service of notice of appeal upon him was unnecessary.

The motion to dismiss is overruled.

MOTION OVERRULED.

---

ON THE MERITS.

This suit was instituted to impress a trust upon all of the property belonging to Annie L. Kent at the time of her death which occurred October 17, 1924. The plaintiff, Eva Holder, is the daughter of Frances A. Holder who died December 27, 1920, and the granddaughter of Deborah B. Kent who died in 1909. The defendant Harris is the administratrix of the estate of Annie L. Kent, deceased; the defendant Willula Kent Mingo is an adopted daughter, and the defendant Fred Sutherlin is a son of the said Annie L. Kent, deceased. William G. Kent who died August 11, 1924, was the son of the said Deborah B. Kent, the husband of the said Annie L. Kent and the brother of the said Frances A. Holder, mother of the plaintiff. It is alleged in the complaint among other things:

"III. That said William G. Kent and Frances A. Holder were sole surviving children and sole heirs-at-law of Deborah B. Kent, who died intestate in Multnomah County, Oregon, on or about March 9, 1909; that during the lifetime of said Deborah B. Kent, said William G. Kent and Annie L. Kent, his wife, from time to time and at various times obtained money and property from said Deborah B. Kent, the exact amount of which is to plaintiff unknown, but she has been informed and believes and therefore avers that the same amounted to a large sum and comprised practically all of the property and money accumulated by the said Deborah B. Kent; that by reason thereof said Deborah B. Kent left no property or estate standing in her own name at the time of her death in

1909 and no estate to probate, and the same was never administered.

"IV. That after the death of said Deborah B. Kent, and about the years 1911 or 1912, a dispute and controversy arose between the said Frances A. Holder and the said William G. Kent and Annie L. Kent respecting a division of the property of Deborah B. Kent theretofore obtained as aforesaid by William G. Kent and Annie L. Kent; that said Frances A. Holder as one of the two sole surviving heirs of Deborah B. Kent, believing herself entitled to a portion of the property which had passed into the possession and control of William G. Kent and Annie L. Kent during the lifetime of Deborah B. Kent; demanded an accounting thereof and a division of the proceeds whereby she would share in her mother's estate, but said William G. Kent and Annie L. Kent refused to render any account or to make any division of said property or to pay or convey any portion thereof to her, although admitting and conceding that said Frances A. Holder was entitled to a part thereof; that thereupon and after said controversy and dispute had continued for two or three years and had become a family quarrel, said Frances A. Holder employed the late Judge Lionel R. Webster as counsel and took legal advice respecting her rights and her claim in and to said property and against the Kents, and in pursuance of such advice authorized and instructed her said attorney to demand an accounting and obtain for her from the said Kents such money and property as rightfully belonged to her.

"V. That thereafter said Frances A. Holder, through her said attorney, made efforts to obtain a return of some part of the aforesaid property, but without success, and finally made formal demand upon William G. Kent and Annie L. Kent for the interest of Frances A. Holder in the property which the said Kents had acquired from Deborah B. Kent as aforesaid, and said Frances A. Holder, by her said attorney, threatened to bring suit against the said Kents unless they made a satisfactory adjustment of

her said demand; that the Kents there and then, to-wit: about the month of April, 1918, again admitted some obligation to said Frances A. Holder respecting her claim for a part of her mother's property, but expressed their unwillingness to divide any property with her or to convey or deliver any property to her on the ground that she could not properly care for and manage the same; that the Kents there and then offered by way of settlement and compromise of Frances A. Holder's demand, that if they were permitted to retain said money and property, in its entirety and without division, during their lifetime, they would will the whole of the property possessed by them at the time of their deaths and leave it to Eva Holder, the only child of Frances A. Holder, who is the plaintiff herein; that in order to compromise the controversy and settle the then existing controversy and family dispute and said demand of Frances A. Holder, it was then orally agreed that in consideration of her refraining from the commencement and prosecution of any suit against the said William G. and Annie L. Kent respecting her claim against them, and of permitting them to retain, manage and enjoy all of the property they had during their joint lives, they, the said Kents, would leave the whole of it, together with increase, profits and accretions thereof, by will to plaintiff, Eva Holder, the daughter and sole heir of Frances A. Holder; and in consideration of said promise and agreement on the part of William G. Kent and Annie L. Kent said Frances A. Holder promised and agreed to permit them to retain, manage and enjoy said property during their joint lives, and agreed to refrain from disturbing their possession and use of said property during their lifetimes, and from instituting or prosecuting any suit or action against them in relation thereto.''

It is further alleged that the said Frances A. Holder and the plaintiff, Eva Holder, complied in all respects with and observed the terms of said compromise and settlement, brought no suit or action of

any kind against the said William G. and Annie L. Kent, permitted them to retain and use the property during their lifetime, and that the Kents each breached said contract of compromise and settlement by not making and leaving a will. The death of the Kents and the amount of the estate left by the said Annie L. Kent, consisting of something over $20,000 in real property and about $12,000 in personal property, the demand and refusal of the defendants to deliver to plaintiff any part of said estate are then alleged. The prayer is for a decree determining that the defendants have no right in the property, requiring defendants to convey and transfer the property to plaintiff, enjoining defendants, etc., for general relief and costs. A demurrer was filed to the complaint to the effect that the suit had not been commenced within the time limited by the code and that it does not state sufficient facts. The demurrer was sustained, and plaintiff refusing to plead further the suit was dismissed. This appeal is from the order of the court dismissing the suit.          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Manning & Harvey* and *Mr. Thomas G. Greene,* with oral arguments by *Mr. Greene* and *Mr. John Manning.*

For respondents there was a brief over the names of *Messrs. Wood, Montague & Matthiessen, Mr. Gunther F. Krause, Messrs. Winter & Maguire, Mr. Norman F. Kuykendall* and *Mr. David F. Lofgren,* with oral arguments by *Mr. Robert F. Maguire, Mr. Krause* and *Mr. Kuykendall.*

COSHOW, J.—3. The complaint brought here by this appeal is the fifth amended complaint. It hav-

ing been tested by demurrer in the Circuit Court is not entitled to liberal construction in favor of the plaintiff.

4. The law is established that a compromise settlement of a disputed claim made in good faith is sufficient consideration for a contract and will support an agreement to pay money or convey property. Such a settlement merges all matters, claims and pre-existing causes of action included in the compromise: *Hirsch* v. *May*, 75 Or. 403, 407 (146 Pac. 831); *Roane* v. *Union Pac. Life Ins. Co.*, 67 Or. 264, 272 (135 Pac. 892); *Klussman* v. *Day*, 107 Or. 109 (213 Pac. 787, 214 Pac. 348); 12 C. J. 337, § 33, p. 339, § 34. Such compromises when settling family disputes are favored by law and enforced by the courts: *Goodin* v. *Cornelius*, 101 Or. 422, 431 et seq. (200 Pac. 915); *Kelley* v. *Devin*, 65 Or. 211, 218 (132 Pac. 535); *Hardin's Admrs.* v. *Hardin*, 201 Ky. 310 (256 S. W. 417, 38 A. L. R. 756); 12 C. J. 362; 5 R. C. L. 878, § 3. In order to constitute a consideration for such a compromise there must be some foundation for the claim upon which the settlement is based. The case of *Smith* v. *Farra*, 21 Or. 395 (28 Pac. 241, 20 L. R. A. 115), is a leading case, and in page 404 of the official report, after a thorough analysis of the subject and a number of authorities, expresses the principle thus:

"As a result from the authorities, we think a doubtful or disputed claim, sufficient to constitute a good consideration for an executory contract of compromise, is one honestly and in good faith asserted, *arising from a state of facts upon which a cause of action can be predicated,* with the reasonable belief on the part of the party asserting it that he has a fair chance of sustaining his claim, and concerning which an honest controversy may arise, although in fact the claim may be wholly unfounded."

*Hardin's Admrs.* v. *Hardin,* 201 Ky. 310 (256 S. W. 417, 38 A. L. R. 756); *Good* v. *Krause,* 215 Ill. App. 333.

5. The principle is well illustrated in the case of *Purviance* v. *Purviance,* 14 Ind. App. 269 (42 N. E. 364), cited and relied upon by plaintiff. In the Purviance case the plaintiff had a claim for work and labor which he forebore litigating upon the promise of the defendant to provide for him in her will. Relying upon this promise he refrained from pressing his claim against the estate of promisor's husband, and his forbearance was held to be sufficient consideration to support the promise of the defendant. In the case under consideration there is nothing alleged in the complaint upon which to base a promise, unless it be the admission of the Kents that Frances A. Holder was entitled to a part of the property obtained by Kents from Deborah B. Kent.

The allegations that the promisors, during the lifetime of said Deborah B. Kent from time to time and at various times, obtained money and property from said Deborah B. Kent is not a sufficient foundation for a compromise agreement. The presumption of law is that the money and property alleged to have been obtained was obtained lawfully. There is no allegation that the money and property was unlawfully or wrongfully procured from the said Deborah B. Kent. The presumption of law is that it was lawfully obtained: Section 799, subds. 1, 7, 8, 19, Or. L. There is no allegation in the complaint to the effect that the said promisors owed either the said Deborah B. Kent or the said Frances A. Holder any sum whatever. Some two or three years after the death of the said Deborah B. Kent a dispute and controversy arose be-

tween the said Frances A. Holder and the said William G. and Annie L. Kent respecting a division of the property of Deborah B. Kent theretofore obtained as aforesaid by William G. and Annie L. Kent. Testing the complaint by the ordinary rules of construction, Frances A. Holder could not have had any lawful claim upon any property alleged to have been obtained from Deborah B. Kent by William G. and Annie L. Kent. The belief of Frances A. Holder that she was entitled to a portion of the property which had passed into the possession and control of William G. and Annie L. Kent during the lifetime of Deborah B. Kent is not sufficient foundation for basing a compromise and settlement without stating some fact tending to show her belief to be reasonable. In the Purviance case, cited above, the plaintiff had worked for a number of years under a promise of being compensated from the estate of his employer. His work formed a reasonable basis for a claim against the estate. His claim was held sufficient basis upon which to base a compromise and settlement. In the case at bar there is no foundation upon which to base a contract of compromise, except the belief of the promisee, Frances A. Holder, and the allegation to the effect that William G. and Annie L. Kent admitted that they were under some obligation to Frances A. Holder. The belief of Mrs. Holder and the admission of the Kents are so indefinite that they are not sufficient consideration for supoprting a contract.

"While there is some authority to the effect that the compromise of a disputed claim will support an express promise, although the claim is without merit or foundation, particularly where an action has been instituted, the surrender of a claim which is entirely

without foundation either in law or in equity does not, according to the great weight of authority, afford a sufficient consideration for a compromise." 12 C. J. 327, § 18.

*Oregon & C. R. R. Co.* v. *Potter,* 5 Or. 223, 231; *Davisson* v. *Ford,* 23 W. Va. 617; *City Street Improvement Co.* v. *Pearson,* 181 Cal. 640 (185 Pac. 962, 966, 20 A. L. R. 1317); *Maull* v. *Vaughn,* 45 Ala. 134; *Thayer* v. *Buchanan,* 46 Or. 106, 110, 111 (79 Pac. 343); *Roane* v. *Union Pac. Life Ins. Co.,* 67 Or. 264, 272, 273 (135 Pac. 892); 5 R. C. L. 879, 882, §§ 4, 5, and 6.

All that plaintiff's mother did according to the allegations of the complaint was to surrender a claim which was entirely without foundation. This is not sufficient acording to the great weight of authorities.

6–9. But assuming without deciding that the admission of the Kents that Frances A. Holder was entitled to a part of the property obtained by them from Deborah B. Kent rendered Frances A. Holder's claim sufficiently doubtful to constitute a valuable consideration for the agreement to will the property to plaintiff it does not follow that the complaint states sufficient facts. The agreement relied upon by plaintiff is oral. It requires the transfer of real property. The agreement is within the statute of frauds, unless removed therefrom by part performance. The part performance relied upon is refraining from pressing her claim. She did nothing; parted with nothing. No litigation had been instituted. No change took place in the property or the relation of the parties thereto. There is no doubt that a valid contract to dispose of property by will will be enforced: *Popejoy* v. *Boynton,* 112 Or. 646 (229 Pac. 370, 230 Pac. 1016); *Bagley* v. *Bagley,* 110 Or. 368, 371 (222 Pac. 722);

*Mathews* v. *Tobias,* 101 Or. 605 (201 Pac. 199); *Goodin* v. *Cornelius,* 101 Or. 422 (200 Pac. 915); *Kelley* v. *Devin,* 65 Or. 221 (132 Pac. 535). A contract to devise real property is a contract to convey, and must be in writing, as a general rule, to be valid. If not in writing the contract and the conduct of the parties in pursuance thereof must be such as to bring it within a recognized exception to the general rule. Change of possession is not absolutely necessary: *Popejoy* v. *Boynton, Goodin* v. *Cornelius,* and *Kelley* v. *Devin,* cited above. Something, however, must be done by the promisee, such as the payment of a consideration or rendering valuable services not fairly compensable in money, in order to obviate the necessity of a change of possession: *Richardson* v. *Orth,* 40 Or. 252 (66 Pac. 925, 69 Pac. 455); *Popejoy* v. *Boynton,* 112 Or. 646 (229 Pac. 370, 230 Pac. 1016); *Rose* v. *Oliver,* 32 Or. 447 (52 Pac. 176); *Johnson* v. *Hubbell,* 10 N. J. Eq. 332 (66 Am. Dec. 773). The promisee must be charged with knowledge of the statute of frauds. She was represented by an able attorney. The agreement upon which plaintiff relies was made nine years after the death of the ancestor of the promisee and promisor. Yet no attempt was made to reduce the agreement to writing. No services of any kind were rendered by the promisee. The only consideration alleged was forbearance. This was held insufficient to support a promissory note in *Oregon & C. R. R. Co.* v. *Potter,* 5 Or. 228. There would seem to be much stronger reason for holding that forbearance is not sufficient consideration to support an agreement to devise by will and also such part performance as to exclude such agreement from operation of the statute of frauds.

"Such a contract, however," says BARRETT, J., in *Gall* v. *Gall,* 67 Hun, 600 (19 N. Y. Supp. 332), "especially when it is attempted to be established by parol, is regarded with suspicion, and not sustained, except upon the strongest evidence that it was founded upon a valuable consideration, and deliberately entered into by the decedent." *Rose* v. *Oliver,* above, page 456 of the official report.

In *Johnson* v. *Hubbell,* above, relied on by plaintiff, we take the following excerpt from 10 N. J. Eq. 338 (66 Am. Dec. 778):

"It is said that this agreement was in parol, and is therefore contrary to the statute of frauds. But although this agreement was a mere parol one, if there was a part performance of it, *of such a character as, upon the principles recognized and acted upon by this court, will take a parol agreement out of the statute, then there is nothing peculiar about an agreement of this kind to exclude it from the operation of those principles. If one party to a parol agreement has wholly or partially performed it on his part, so that its non-fulfillment by the other party is a fraud, the court will compel a performance. In this case, the son performed his part of the agreement. He paid a valuable consideration, and parted with his property.*"

In the instant case the promisee did nothing but to forbear suing on an outlawed claim based upon her belief without the statement of any facts as a foundation for such belief.

The fact that the plaintiff will have no remedy if the oral contract upon which she depends be held to be void is not sufficient reason for setting aside the statute of frauds. It is hard to imagine any case where the statute of frauds would be applicable if one party to the oral contract can have the benefit of such

contract by simply paying the consideration or forbearing to do something.

. ''When an enactment expressly declares that an agreement for the payment of a commission for securing a purchaser of land is void, unless it is in writing and signed by the owner of the real property, the rule is well established that, in the absence of a written contract, a full performance of the services by the broker does not take the case out of the statute of frauds.'' *Sorenson* v. *Smith,* 65 Or. 78, 88 (129 Pac. 757, 131 Pac. 1022, Ann. Cas. 1915A, 1127, 51 L. R. A. (N. S.) 612).

In the case last cited both parties to the contract were living. It would seem that there would be more reason for applying the statute of frauds where one or more of the parties to the alleged contract are not living. In *Sorenson* v. *Smith,* above, in page 90 of the official report we find:

''The purpose sought to be accomplished by the enactment of the English statute mentioned (Stat. of Frauds) was to prevent the practice of frauds which were supposed to be perpetrated, and to preclude a resort to perjuries which were believed to have been committed when oral contracts respecting certain matters could be enforced upon evidence existing only of the recollection of witnesses. It is thought that the primary object that induced the enactment of our statute, hereinbefore quoted, demands that, where the original contract respecting the broker's compensation was not in writing, as required, the ratification can only be by a writing.''

In *Hawkins* v. *Doe,* 60 Or. 437, 441 (119 Pac. 754, 756, Ann. Cas. 1914A, 765), Mr. Justice McBRIDE stated the rule thus:

''Where the contract rests wholly in parol and the alleged promisor is dead, courts should demand clear and satisfactory proof of the terms of the agreement,

and its strict performance by the promisee. Such cases furnish abundant opportunity for the perpetration of those frauds which it was the object of the statute to prevent by requiring the contract to be reduced to writing."

*Herr* v. *McAllister,* 92 Or. 581, 587 (181 Pac. 741); *Leadbetter* v. *Price,* 103 Or. 222, 228 (202 Pac. 104).

"The statute of frauds is stringent in its provisions, and to avoid its effect the testimony must be clear and explicit, showing a state of facts referable exclusively to the contract pleaded." *Le Vee* v. *Le Vee,* 93 Or. 370, 379 (181 Pac. 351).

It is true that the cases last cited involved the consideration of the testimony. It is also true that the complaint in this case alleges the effect and nature of the testimony upon which plaintiff relies to prove the alleged contract. From these allegations it appears that neither the plaintiff nor her mother, after making the alleged contract, did anything different from what they had done in relation to the subject matter prior to the time the alleged contract was made. For more than nine years after the death of Deborah B. Kent no action had been taken to recover any property obtained by the Kents from her. After the alleged contract nothing was done, not even an attempt to reduce the alleged contract to writing so that it could be proven under the law of the land. To allow such a contract to be proven would be equivalent to abrogating the statute of frauds.

Other interesting phases of the subject matter are presented in the briefs, but are not deemed necessary to be discussed in this opinion. The decree dismissing the suit is affirmed.        AFFIRMED.

BURNETT, C. J., and McBRIDE and RAND, JJ., concur.

Motion for modification allowed April 5, 1927.

ON MOTION FOR MODIFICATION.

(254 Pac. 1021.)

For appellant, *Messrs. Manning & Harvey* and *Mr. Thomas G. Greene.*

For respondent Winifred K. Harris, Administratrix, *Messrs. Wood, Montague & Matthiessen* and *Mr. Gunther F. Krause.*

For respondent Willula Kent° Mingo, *Messrs. Winter & Maguire.*

For respondent Fred Sutherlin, *Mr. David E. Lofgren.*

COSHOW, J.—10, 11. This cause has come on for hearing upon the motion of plaintiff for an order to modify the decree of this court affirming the decree of the Circuit Court by remanding the cause for further proceedings not inconsistent with the opinion as thus modified. The motion is opposed by defendants. Affidavits have been filed by both parties touching the merits of the controversy. This court will not consider such affidavits on a motion to modify its decree for the mere purpose of having the cause remanded. The correct practice was established comparatively early in this jurisdiction.

" * * We therefore announce it as a rule of practice in such cases, that whenever this court does not make a final disposition of the cause, but remands the same to the court below, it will be open for that court to determine in the first instance whether the defendant shall be permitted to answer or not. This dis-

121 Or.—29

cretion, of course, is a judicial discretion—not arbitrary—and is always to be exercised in furtherance of justice. This cause will therefore be remanded to the court below, for such further proceedings as may be proper. (*McDonald* v. *Cruzen,* 2 Or. 259.)" *Powell* v: *Dayton, S. & G. R. R. Co.,* 14 Or. 22, 23 (12 Pac. 83).

This case has been cited with approval by many later cases: *State ex rel.* v. *Metschan,* 32 Or. 372, 388 (46 Pac. 791, 53 Pac. 1071, 41 L. R. A. 692); *Fishburn* v. *Londershausen,* 50 Or. 363, 377 (92 Pac. 1060, 15 Ann. Cas. 975, 14 L. R. A. (N. S.) 1234); *State* v. *Warner Valley Stock Co.,* 56 Or. 283, 307 (106 Pac. 780, 108 Pac. 861); *Turnham* v. *Calumet & Oregon Mining Co.,* 53 Or. 453, 459 (112 Pac. 711, 115 Pac. 157); *Williams* v. *Pacific Surety Co.,* 66 Or. 151, 157 (127 Pac. 145, 132 Pac. 959).

12. The case of *State* v. *Warner Valley Stock Co.,* above, involved a demurrer to the complaint. In page 307 of the official report it is held:

"The conclusion is that the demurrer to the complaint so far as it relates to the deeds of date August 21, 1891, and the one of date March 23, 1893, will be overruled. And as to the one of date January 18, 1883, it will be sustained."

And on rehearing the court on page 312 said:

"As to the deeds of date August 21, 1891, and the one of March 3, 1893, no doubt the defendant is entitled to have leave to answer. As to the deed of date January 18, 1883, it is for the lower court to determine whether the plaintiff should be allowed to amend; * * *"

It thus appears that as a rule where the Circuit Court sustains a demurrer to a complaint, and its order is affirmed by this court, the case will be remanded to the Circuit Court to be disposed of there

agreeably to justice. This rule is not absolute, but has been generally followed. The decree of this court, February 23, 1927, will be modified by remanding the cause for such further proceedings as may be proper.    MODIFIED. REHEARING DENIED.